UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRADUATION SOLUTIONS LLC, | ) | |
|     Plaintiff | ) | Case No.: 3:17-cv-01342 (VLB) |
| | ) | |
| v. | ) | |
| | ) | **Jury Demand** |
| | ) | |
| ACADIMA, LLC and ALEXANDER LOUKAIDES, | ) ) | |
|     Defendants. | ) ) | November 16, 2017 |

**REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed: August 9, 2017**

**Date Amended Complaint File: October 27, 2017**

**Date Complaint Served: Plaintiff asserts that it served Acadima on August 23, 2017 and Alexander Loukaides on September 1, 2017. Alexander Loukaides contends that he was not properly served, but by and through counsel waives objection to proper service under the Federal Rules.**

**Date of Defendants' Appearance: Both Defendants appeared by and through counsel on September 30, 2017.**

Pursuant to FED. R. CIV. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 2, 2017.  The participants were:

- Monte Frank, Esq. of Pullman & Comley LLC for Plaintiff Graduation Solutions LLC;

- Laura-Michelle Horgan, Esq. of Dorf & Nelson LLP, for Plaintiff Graduation Solutions LLC

- Brian Lehman, Esq. and Kathryn Sylvester, Esq. for Defendants Acadima LLC and Alexander Loukaides.[1]

---

[1] Both Ms. Horgan and Mr. Lehman anticipate filing Motions for **Pro Hac Vice** admission to this Court.

I.  **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **Jurisdiction**

1.  **Subject Matter Jurisdiction**

Plaintiff claims that the Court has jurisdiction over the Copyright claims and Lanham Act claims as set forth herein pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. 1125(a), because this action arises in part under the Copyright Act, 17 U.S.C. § 501, et seq., and under the Lanham Act, 15 U.S.C. 1051, et seq.. The Court has jurisdiction over the Connecticut State law and common law claims under the doctrine of supplemental jurisdiction.

Defendants contend that the Court lacks subject matter jurisdiction as Plaintiffs do not have standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

2.  **Personal Jurisdiction**

As set forth in their motion to dismiss, Defendants asserted that this Court lacks personal jurisdiction. Plaintiff filed an Amended Complaint on October 27, 2017.

### III. Brief Description of Case

Plaintiff alleges the following: This is an action for: (1) copyright infringement under 17 U.S.C. § 101, et. seq.; (2) trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); (5) violation of Connecticut's common law prohibition against unfair competition; and (6) unjust enrichment. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, costs, and attorneys' fees.

Graduation Solutions is a leader in the design, marketing, and sale of premium graduation apparel and accessories. Graduation Solutions' products are recognized and sold through Graduations Solutions' online store. Defendants copied portions of the Defendants' website, in some instances verbatim, to unfairly compete with the Plaintiff and profit off its goodwill.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Defendants lack the information or knowledge to agree to any undisputed facts at this stage of the proceeding. Plaintiff alleges the following :

1. Plaintiff Graduation Solutions is a Nevada limited liability company with a principal place of business located at 200 Pemberwick Road, Greenwich, CT, 06831.

2. Graduation Solutions is a leader in the design, marketing, and sale of premium graduation apparel and accessories.

3. Graduation Solutions' products are sold through Graduation Solutions' online store. The website is located at https://Graduationsource.com.

4. Graduation Solutions' original works of authorship, including, without limitation, its graphic designs, photographs, and website design have been registered with the United States Copyright Office.

5. Acadima is a Texas Limited Liability Company with a principal place of business located at 14241 Dallas Parkway, Suite 650, Dallas, TX 75254.

6. Acadima owns and operates the website that is located at https://Acadima.com, and offers apparel and accessories for graduations.

V. Case Management Plan

1. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

2. Scheduling Conference with the Court

The parties have agreed upon a proposed scheduling order. They do not request a scheduling conference.

3. Early Settlement Conference

    a. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.
    b. The parties request an early settlement conference with a magistrate judge if the case proceeds.
    c. The parties do not at this time request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

4. **Joinder of Parties and Amendment of Pleadings**

   a. Plaintiff should be allowed until November 30, 2017 to file motions to join additional parties and motions to amend or supplement the pleadings. Defendants object. Plaintiff has already amended the Complaint past the deadline for doing so. Defendant objects to further amendments.

   b. Defendants should be allowed until December 29, 2017 to file motions to join additional parties and until November 15, 2017 to file a response to the Amended Complaint. Defendants object. Plaintiff has already amended the Complaint past the deadline for doing so. Defendant objects to further amendments.

5. **Discovery**

Defendants anticipate that Acadima LLC will be filing a bankruptcy petition in the next two weeks as Acadima LLC has already retained a bankruptcy lawyer in Dallas, Texas. Acadima LLC and therefore objects to any discovery schedule as the bankruptcy petition will impose an automatic stay. In addition until the bankruptcy is resolved, Defendants will not know which claims have been discharged if any.

   a. Plaintiff anticipates the necessity for discovery on the claims set forth in his Complaint and defenses to be asserted in Defendants' Answer as follows:

   - Development and design of Acadima's website;
   - Promotion of Acadima's business;
   - Operation of Acadima's website;
   - Activity on Acadima's website, including inquiries and sales through its online store;

- Financial records of Acadima, including its income and profits;

b. Defendants anticipate the necessity for discovery on the claims set forth in Plaintiffs' Complaint and the defenses set forth in Defendants' Answer, but is unable to determine the scope of discovery without first knowing which of Plaintiff's claim, if any, are discharged from the bankruptcy court as Acadimia is the process of declaring bankruptcy.

c. all discovery will be completed by May 31, 2018.  If the bankruptcy petition is not filed, Defendant agrees to this schedule.  However, Defendant anticipates that petition being filed within the next two weeks.

d. The parties anticipate that Plaintiff may require a total of 5 depositions of fact witnesses and that Defendants may require a total of 5 depositions of fact witnesses. As only Plaintiff is located in Connecticut, fact depositions will require travel, but the parties anticipate that subject to the availability of fact witnesses, discovery can be completed by May 31, 2018.

e. The parties do not anticipate the need to request permission to serve more than 25 interrogatories.

f. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2)

      by February 28, 2018. Depositions of any such experts will be completed by March 31, 2018.

g. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by April 30, 2018. Depositions of such experts will be completed by May 31, 2018.

h. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 31, 2018.

i. The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged by December 7, 2017, if the bankruptcy petition by Acadima LLC is not filed.

      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties do not foresee any issues with discovery of electronically stored information. The parties agree that all ESI shall be produced static and searchable

PDF format.  All produced data should be Bates labeled.

j.  The parties believe that the Court's Standing Protective Order minimizes the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production..

5. **Dispositive Motions:**

**Dispositive motions will be filed on or before June 30, 2018.**

6. **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 31, 2018, unless a dispositive motion is pending, in which case within 45 days of the Court's ruling on such dispositive motion.  Defendant agrees to this schedule if the bankruptcy petition is not filed in the next two weeks.

VI. **TRIAL READINESS**

The case will be ready for trial by 30 days after the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully Submitted,

| | |
|---|---|
| **GRADUATION SOLUTIONS, INC.** | **ACADIMA, LLC and ALEXANDER LOUKAIDES,** |
| By: /s/ Monte E. Frank | By: /s/ Kathryn R. Sylvester |
| Monte E. Frank (ct13666)<br>Nathaniel J. Gentile (ct28860)<br>Pullman & Comley LLC<br>850 Main Street, P.O. Box 7006<br>Bridgeport, CT 06601-7006<br>T: (203)330-2240<br>F: (203) 576-8888<br>mfrank@pullcom.com<br>ngentile@pullcom.com | Kathryn R. Sylvester, Esq.<br>P.O. Box 5076<br>Woodbridge, CT 06524<br>T: (203) 516-8146<br>ksylvester1@hotmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2017, the foregoing document was filed electronically with the Clerk of Court using CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ Monte E. Frank
Monte E. Frank