**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GRADUATION SOLUTIONS LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | **No.: 3:17-cv-01342 (VLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **DECEMBER 7, 2017** |
| **ACADIMA, LLC and ALEXANDER** | ) | |
| **LOUKAIDES,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT**
**ALEXANDER LOUKAIDES' MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Plaintiff Graduation Solutions LLC ("Plaintiff" or "Graduation Solutions") brought this action against Acadima, LLC ("Acadima") and Alexander Loukaides ("Loukaides") (collectively "Defendants") for copyright infringement, trade dress infringement, false advertising, violation of Connecticut's common law prohibition against unfair competition and unjust enrichment.[1]   The action stems from Defendants Acadima LLC and Alexander Loukaides ("Loukaides") taking copyrighted works from Plaintiff's website in order to promote their own business and various other websites.  Defendant Loukaides is the dominant and active force behind Acadima and its various websites.  According to state filings, Loukaides is or was the sole managing member and owner of Acadima.

Plaintiff Graduation Solutions is an online retailer of premium graduation apparel and accessories.  Plaintiff invested a significant amount of resources into its website which contains copyrighted original works.   Although Defendants targeted Plaintiff, a company with a principal place of business in Connecticut, they now seek to argue that a court venued in Connecticut lacks jurisdiction to hear the matter.  This argument is wholly without merit.  Moreover, based upon Defendants' own websites, they are conducting business in Connecticut and target Connecticut residents to sell its products to.  Plaintiff submits this this memorandum of law in opposition to Loukaides' motion to dismiss for lack of personal jurisdiction.[2]

---

[1]     A copy of Plaintiff's Amended Complaint, filed on October  27, 2017 in Case No. 17-34346-bjh7, ECF Doc. No. 19, is annexed hereto as <u>Exhibit A</u>.

[2]     <u>See</u> ECF Doc. No. 21.

Plaintiff submits this memorandum solely in opposition to the motion to dismiss made by Defendant Loukaides.  Defendant Acadima filed for Chapter 7 bankruptcy on November 20, 2017 which was less than one month after Plaintiff filed its Amended Complaint in this matter on October 27, 2017.[3]  Therefore, it appears that this matter is presently subject to an automatic stay pursuant to 11 U.S.C. § 362, but as to Acadima only.   For the reasons stated herein, the automatic stay imposed by said bankruptcy does not extend to the individual defendant, Loukaides.

Accordingly, during the time that the automatic stay is in effect, Plaintiff is proceeding with this action against Loukaides only.  Plaintiff recently learned that Loukaides transferred all of the assets of Acadima to a third party individual named Frank A. Seviane who is or was purportedly the Chief Operating Officer of Acadima within the last year.[4]  Plaintiff may therefore have an additional cause of action against Loukaides individually for fraudulent conveyance.

## STATEMENT OF FACTS

Plaintiff Graduation Solutions is a Nevada limited liability company with a principal place of business in Connecticut.  (Compl. ¶ 7.)  Plaintiff is a leader in design, marketing, and on-line sales of premium graduation apparel and accessories.  (*Id* at ¶ 8.)  At a substantial cost, Plaintiff created the Graduation Solutions website (the "GS Website") to promote and sell its goods.  (*Id.*)  As set

---

[3]  A copy of Defendant Acadima's Voluntary Petition for Non-Individuals Filing For Bankruptcy, filed on November 20, 2017 in Case No. 17-34346-bjh7 in the United States Bankruptcy Court for the Northern District of Texas (hereinafter the "Voluntary Petition") is annexed hereto as __Exhibit B__.

forth in detail in its Amended Complaint, the GS Website contains original works of authorship, including, without limitation, its graphic designs, photographs, and website design have been registered with the United States Copyright Office.

As alleged in the Amended Complaint, Acadima is a Texas Limited Liability Company with a principal place of business located at 14241 Dallas Parkway, Suite 650, Dallas, TX 75254.  Acadima owns and operates the website that is located at https://Acadima.com, (the "Acadima Website") and offers apparel and accessories for graduations in the same manner as Plaintiff.  Loukaides ("Loukaides") is the dominant and active force behind Acadima and its various websites.  (*See* Am. Compl.,  18.)  According to the Texas Secretary of State, Loukaides is the sole managing member and owner of Acadima.  (*Id.,* ¶¶14-15, 71.)   Additionally, Loukaides is identified as the registrant contact, the administrative contact, and the technical contact for the Acadima Website.  (*Id.*, ¶ 16.)

As alleged in Plaintiff's Amended Complaint and, as demonstrated by the side-by-side screen shots of content and language therein, Defendants intentionally copied original works of authorship from the Graduation Solutions Website in order to promote its company and engage in interstate commerce. (*Id.*, ¶¶ 51-70).  There is no question that Defendants' websites which contain the infringing material target and sell to residents of Connecticut.  As described in the Complaint, the Acadima Website provides "Domestic Shipping Rates" for orders placed within the United States including, but not limited to, customers from Connecticut.  (*Id.*, ¶ 39.) Defendants' Website also allows users to "search graduation products from your

---

[4]      *See* Voluntary Petition at Ex. B, p. 4.

city" and provides a  allowing users to select "Connecticut."  The users then can select through GradShop's drop down menu one of the following cities in Connecticut: Bridgeport, New Haven, Hartford, Stamford and/or Waterbury.  (*Id.*, ¶ 40.) Furthermore, on the "Product Samples" page of the Acadima Website, potential customers can request "Product Samples," a "Free Planning Kit," and a "Free Graduation E-Book."  (*Id.*, ¶ 39.)   To Request a "Planning Kit," customers must enter their address. (*Id.*)  The site allows customers to "Select a State or Province" through a drop down menu that includes "Connecticut." (*Id.*, 40.)

Additionally, the Complaint alleges numerous contacts that Loukaides had with the Chief Executive Officer of Graduation Solutions, Matthew Gordon, in Connecticut by telephone and electronic mail.  (*See* Am. Compl., ¶¶ 45-50.) Loukaides' contacts with Mr. Gordon were specifically to discuss their mutual business of selling graduation gowns and other school regalia through their respective websites.  (*Id.*)  Incredibly, in one email to Mr. Gordon, Loukaides suggests that they join forces to close down a manufacturer's websites or set up a "site similar to theirs so we can complete on pricing." (*Id.*, ¶ 50.)  This email is critical proof of Loukaides' intent to copy competitor websites in order to unfairly compete against them.  (*Id.*)

## PROCEDURAL HISTORY

On August 9, 2017, Plaintiff filed a Complaint against Acadima and Alexander Loukaides.  (*See* ECF Doc. No. 1.)  That same day, the Court issued an Order on Pretrial Deadlines.  (*See* ECF Doc. No. 3.)  On September 29, 2017, counsel for Defendants Acadima and Loukaides entered an appearance. (*See* ECF Doc. No. 12.)

Thereafter, counsel for Defendants contacted Plaintiff's counsel and requested an extension of time to file responsive papers on or before Friday, September 29, 2017.  (A copy of an email and Stipulation executed by Brian Lehman, Esq. is annexed hereto as <u>Exhibit C</u>.)   Plaintiff consented to this request. Defendants, however, did not file their Motion to Dismiss the original Complaint until the day after the agreed-upon deadline, which was Saturday, September 30, 2017.  (*See* ECF Doc. Nos. 14-15.)  Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff then had 21 days to serve an amended pleading, which would have been Sunday , October 21, 2017.  However, pursuant to Local Rule 6 and Fed. R. Civ. P. 6(a)(1)(C), since the due date fell on a Sunday, the date upon which Plaintiff's amended pleading was due was Monday, October 23, 2017.

As Plaintiff concedes, on October 23, 2017, counsel for Plaintiff contacted Defendants' counsel and requested an extension until October 27, 2017.  (Def. Mem. at p. 3.)  Defendants' counsel consented to this request.  (*Id.*)  Therefore, no response was due from Plaintiff until <u>October 27, 2017</u> based upon the Federal Rules governing the time to respond to a motion to dismiss.  (*See* Fed. R. Civ. P. 15(a)(1)(B).) On October 27, 2017, Plaintiff filed its Amended Complaint.  (*See* ECF Doc. No. 19.)  There is, therefore, no question that Plaintiff's Amended Complaint was timely filed. (*See* Defs. Mem. at pp. 10-11.)  Indeed, it is hard to believe that Defendants are making this argument since it was Defendants who filed their Motion to Dismiss late and on a Saturday.

Plaintiff's Amended Complaint includes additional allegations regarding jurisdiction in response to Defendants' Motion to Dismiss.  (*See* ECF Doc. No. 19.)

6

Additionally, Plaintiff has served document requests and interrogatories on Defendants specifically focused upon obtaining jurisdictional discovery.  A copy of those requests are attached as <u>Exhibit D</u>.  These documents may provide further basis for jurisdiction over Defendant Loukaides.   On November 16, 2017, Defendants Acadima and Loukaides filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2).  (*See* ECF Doc. No. 21.)

Shortly thereafter, Plaintiff's counsel was notified by Defendants' counsel that Acadima would be filing for bankruptcy.  On November 20, 2017, Acadima filed its Voluntary Petition for Chapter 7 bankruptcy in the Northern District of Texas. (*See* Ex. B.)  As set forth therein, Acadima alleges to have $81,575.00 in liabilities and only $12,144.00 in assets.  (*Id.*)  Acadima earned gross revenues of $1,315,356.00 in 2016 and $1,122,872.00 so far for 2017.  (*Id.*)  Also, despite filing for Chapter 7 bankruptcy, Acadima is still doing business online and may be generating revenue.  (*See* https://www.acadima.com/.)

On November 21, 2017, Defendants filed a Notice of Bankruptcy in this action. (*See* ECF Doc. No. 24.)  In the Notice, Defendants erroneously contends that the entire action has been stayed pursuant to 11 U.S.C. § 362.  For the reasons set forth below, the stay does not apply to Defendant Loukaides and this action must proceed against him individually.

It also bears mentioning that after Acadima filed for Chapter 7 Plaintiff's New York counsel was notified by Defendants' counsel, Brian Lehman, Esq., that Loukaides transferred all of his ownership in Acadima to a third party individual named Frank A. Seviane.  Mr. Seviane is identified in Acadima's Voluntary Petition

as Acadima's Chief Operating Officer.  (*See* Ex. B, p. 4.)  As a result of Loukaides' potential transfer of assets in anticipation of Plaintiff's claims against him and his company, Plaintiff may have a claim for fraudulent conveyance against him individually that it may seek to assert in this matter.

**ARGUMENT**

**I.**

**THIS ACTION SHOULD NOT BE STAYED AS TO**
**THE INDIVIDUAL DEFENDANT ALEXANDER LOUKAIDES**

Defendant Acadima's bankruptcy filing does not affect Defendant Loukaides. *See Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999). It is well-established that stays pursuant to 11 U.S.C. § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants. *See Teachers Ins. & Annuity Ass'n v. Butler, et al.*, 803 F.2d 61 (2d Cir.1986) (declining to extend stay of action against debtor partnership to its co-defendants, non-debtor individual partners).  Therefore, although this action is presently stayed against Acadima as a result of its Chapter 7 filing, there is no basis upon which the automatic stay should extend to Defendant Loukaides.  *Gray*, 230 B.R. at 242.

Applying *Teachers Ins. & Annuity Ass'n*, courts in the Second Circuit regularly refuse to extend a debtor corporation's 11 U.S.C. § 362 stay to its non-debtor officers and principals.  *See, e.g., Variable–Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, et al., 945 F.Supp. 603 (S.D.N.Y.1996) (non-debtor principal who, under state law, was debtor corporation's "alter ego"); *E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co., et al.*, No. 93 Civ. 2462(KMW), 1995 WL 312505, *5 (S.D.N.Y. May 22, 1995) (non-debtor who was debtor corporation's

president and guarantor); *Levesque v. Kelly Communication, Inc., et al.*, 164 B.R. 29, 30 (S.D.N.Y.1994) (non-debtor whose two debtor corporations bore his name); *CAE Indus. Ltd., et al. v. Aerospace Holdings Co., et al.*, 116 B.R. 31, 32 (S.D.N.Y.1990) (non-debtor former Chairman, CEO, and Director of debtor corporation); *In re Crazy Eddie Sec. Litig.*, 104 B.R. 582, 584 (E.D.N.Y.1989) (all non-debtor co-defendants affiliated with debtor corporation); *Ripley v. Mulroy, et al.*, 80 B.R. 17, 18 (E.D.N.Y.1987) (non-debtor "president, sole common-stock shareholder, and controlling person" of debtor corporation).

Moreover, a stay as to Plaintiff's claims against Loukaides would be particularly inappropriate here since Acadima has filed for Chapter 7 bankruptcy and not a Chapter 11 reorganization to keep the business alive.  *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986).  Applying *A.H. Robins*, courts in this district have stayed actions against non-debtor officers and principals of debtor corporations, but only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts. Here, since Acadima has filed for Chapter 7 bankruptcy and not reorganization, there is no basis for a stay of claims against Loukaides individually.

## II.

## STANDARD ON A MOTION TO DISMISS

At the pleading stage—and prior to discovery—a plaintiff need only make a *prima facie* showing that jurisdiction exists. *See Dorchester Fin. Sec. Inc. v. Banco BRJ, S.A.*, 722 F.ed 81, 84-85 (2d Cir. 2013); *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015) ("'In order to survive a motion to

dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.'") (*quoting Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *New England National LLC v. Kabro of East Lyme LLC*, Index No. 550014, 2000 WL 254590, at * 2 (Superior Ct of CT, Feb. 23, 2000) (Internal quotation marks omitted) (*quoting Lawrence Brunoli, Inc. v. Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999). "'A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction.'" *Ryan v. Cerullo*, 282 Conn. 109 (2007) (*quoting Oliphant v. Commissioner of Correction*, 274 Conn. 563, 568, 877 A.2d 761 (2005).)

## PLAINTIFF HAS SUFFICIENTLY ALLEGED PERSONAL JURSIDCTION <u>OVER DEFENDANT LOUKAIDES</u>

Plaintiff sufficiently alleges personal jurisdiction over Defendant Loukaides in its Amended Complaint.  Connecticut's long-arm statute states in relevant part that Connecticut has jurisdiction over any nonresident individual who in person or through an agent: (1) transacts any business within the state; (2) commits a tortious act within the state; or (3) commits a tortious act outside the state causing injury to person or property within the state, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Connecticut, or (B) expects or reasonably expects the act to have consequences in

the state and derives substantial revenue from interstate or international commerce. (*See* C.G.S.A. §52-59(b).)   Here, Plaintiff has sufficiently alleged that Defendant Loukaides personally committed a tortious act within the state (*id.,* subsection (a)(2)) and that he transacts business in Connecticut (*id.*, subsection (a)(3). Therefore, Plaintiff has made a *prima facie* case that there is a basis for personal jurisdiction over Loukaides.

### A. Plaintiff Has Sufficiently Alleged that Defendant Loukaides Committed Tortious Acts Causing Injury to Graduation Solutions in Connecticut

Plaintiff sufficiently alleges personal jurisdiction over Defendant Loukaides pursuant to C.G.S.A. §52-59(b)(a)(2) because Plaintiff has alleged that Loukaides committed several tortious acts outside Connecticut causing injury to person or property within Connecticut.

In order to invoke jurisdiction based upon a tortious act, "only a single act of tortious conduct need be shown." *Rios v. Fergusan*, 51 Conn. Supp. 212 (Sup. Ct. of Conn. 2008) (*citing SGI Partners v. Addison Design Company,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140369 (April 12, 1995) (Lewis, J.).   Furthermore, "the scope of the inquiry is limited to where the acts were committed and not whether they were tortious. This does not become the type of case where the question of jurisdiction is dependent on a decision of the merits." *Rios*, 51 Conn. Supp. at 218 (*citing Olson v. Accessory Control & Equipment,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 525839 (April 13, 1995) (Corradino, J., 14 Conn. L. Rptr. 82) citing *Southern New England Distributing Corp. v. Berkeley Finance Corp.,* 30 FRD 43 (D.Conn.1962).

11

Among other things, Plaintiff has alleged Loukaides personally communicated with Plaintiff's CEO, Matthew Gordon, in Connecticut on numerous occasions by both telephone and electronically. (*See* Am. Compl., ¶¶ 46-50.)  In an email sent by Defendant Loukaides to Plaintiff's CEO in Connecticut, Loukaides proposes that he and Mr. Gordon's company in Connecticut join forces to eliminate a Chinese competitor or "put up a site similar to theirs so we can compete on pricing." (*Id.*, ¶¶ 48-49.)   Of course, the copying of a website to unfairly compete is precisely what Loukaides appears to have done in this case to a Connecticut company, Graduation Solutions.  Plaintiff claims Defendant Loukaides purposefully, actively and individually solicited the assistance of Mr. Gordon and his company in Connecticut to assist him in a scheme to unfairly compete with another business.

Plaintiff also cites a number of emails in its Amended Complaint in which Loukaides communicated directly with Plaintiff and its employees in Connecticut regarding their respective websites and his own copying of Plaintiff's website.  (*Id.*, ¶¶ 83-88.)  Indeed, after these communications, Loukaides removed the infringing material from Defendants' websites.   (*Id.*). Plaintiff also specifically cites email communications between Loukaides and Plaintiff's employee, Kristoff Albanese in which Loukaides tries to poach Mr. Albanese from Graduation Solutions.  (*Id.,* ¶¶ 87-88.)   All of these communications constitute instances in which Loukaides personally transacted business within Connecticut.

It is well to note that even a single one of these communications constitutes a tortious act under the Connecticut long-arm statute for the purposes of personal jurisdiction.  Several Connecticut courts have held that a

nonresident "commits a tortious act within the state" for purposes of § 52–59b(a)(2) by sending a communication whose content may be considered tortious directly into Connecticut. *Rios v. Fergusan*, 51 Conn. Supp. 212 (Sup. Ct. of Conn. 2008) (*citing Horniatko v. Riverfront Associates, LLC,* Superior Court, judicial district of Hartford, Docket No. CV–04–4000332, 2005 WL 1671543 (June 21, 2005) (*Shapiro, J.*) (39 Conn. L. Rptr. 566) (allegation that defendants made solicitation telephone calls to plaintiffs in Connecticut satisfies § 52–59[a][2] ); *Doe One v. Oliver,* Superior Court, judicial district of Waterbury, Docket No. CV–99–0151679, 2003 WL 21235402 (May 19, 2003) (*Dubay, J.*) (34 Conn. L. Rptr. 634) (allegation that a defendant sent e-mail containing offensive statements to recipients in Connecticut satisfies § 52–59b[a][2] ); *Oppenheim v. Erwin,* Superior Court, judicial district of New Haven, Docket No. CV–00–0441611, 2001 WL 419236 (April 10, 2001) (*Licari, J.*) (29 Conn. L. Rptr. 562) (allegation defendants sent threatening letter to plaintiff in Connecticut satisfies § 52–59b[a][2] ).

Additionally, Plaintiff has sufficiently alleged that Defendant Loukaides committed tortious acts in Connecticut as an alter ego of his various websites such that an exercise of jurisdiction over him is warranted.  In its Amended Complaint, Plaintiff alleges that Loukaides is the alter ego of Acadima and various other websites which have infringed upon Plaintiff's copyrighted material and which are unfairly competing with Plaintiff.  In its Amended Complaint, Plaintiff specifically alleges that "Acadima and Defendants' Websites all appear to be exclusively controlled by Loukaides and appear to be exclusively controlled by Loukaides and appear to be mere instrumentalities of their sole managing member and owner,

Loukaides." (*Id.*, ¶ 73.)   Plaintiff further alleges that "Defendant Loukaides, Defendant Acadima and Defendants' Websites under various "assumed names" are all operating as a single economic entity with funds commingled amongst Loukaides, Defendant Acadima and Defendants' Websites.  It appears that Acadima and Defendants' Websites are nothing more than a façade for defendant Loukaides." (*Id.*, ¶ 74.)   Therefore, this Court may exercise personal jurisdiction over Loukaides individually as the alter ego of Acadima and his various websites.

It is worth noting that in considering whether Loukaides is the alter ego of Acadima, it is well-established law that the exercise of personal jurisdiction over an alleged alter ego requires application of a "less stringent standard" than necessary to pierce the corporate veil for purposes of liability.  *In re Platinum and Palladium Antitrust Litigation*, No. 1:14-cv-9391-GHW, 2017 WL 1169626, at * 47 (S.D.N.Y. Mar. 28, 2017) (*quoting Miramax Film Corp. v. Abraham*, No. 01 CV 5202 (GBD), 2003 WL 2283284, at * 7 (S.D.N.Y. Nov. 25, 2003).; *see also Marine Midland Bank v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) ("In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.  It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion") (*citing Visual Sciences, Inc. v. Integrated Communications Inc.,* 660 F.2d 56 (2d Cir. 1981); *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980), cert. denied, ⸺ U.S. ⸺, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Data Disc, Inc. v. Systems Technology Associ*ates, 557 F.2d 1280, 1285 (9th Cir. 1977).)  Therefore, the Court should consider Plaintiff's allegations that Loukaides is the sole managing

member and owner of Acadima (Am. Compl., ¶73) and that his website under various "assumed names" are all operating as a single economic entity with funds commingled amongst Loukaides, Defendant Acadima and Defendants' Websites (*id*, ¶ 74) as sufficient to establish that Loukaides is the alter ego of Acadima at the pleading stage of this case.

### B. Plaintiff Has Sufficiently Alleged that Defendant Loukaides Transacts Business in Connecticut

Plaintiff has sufficiently alleged that Defendant Loukaides transacts business in Connecticut such that an exercise of jurisdiction over him personally is warranted by C.G.S.A. §52-59(b)(a)(1).   Section 52-59b(a)(1) allows courts to exercise personal jurisdiction over a foreign person or entity that "[t]ransacts any business within the state."   (*Nadler v. Grayson Construction Co.*, No. CV020190015S, 2003 WL 1963158, at * 5 (Sup. Ct. of Conn., Stamford-Norwalk, April 15, 2003).)   The Supreme Court has "'construed [the phrase "transacts any business"] to embrace a single purposeful business transaction.'" (*Id.*, *quoting Rosenblit v. Danaher*, 206 Conn. 125, 138 (1988). )

Here, Plaintiff alleges that Loukaides individually transacted business in Connecticut on multiple occasions during the course of the last several years. Plaintiff cites specific communications that Loukaides had with Plaintiff's CEO, Matthew Gordon, in Connecticut on numerous occasions by both telephone and electronically. (*See* Am. Compl., ¶¶ 46-50.)  Indeed, Defendant Loukaides suggests in one electronic communication that "the two of [them] jump on a the phone and have a chat and see[] if there are any type of business possibilities there may be between us . . ."   (*Id.*, ¶ 47.)

15

In another example, in an email sent by Defendant Loukaides to Plaintiff's CEO in Connecticut, Loukaides proposes that he and Mr. Gordon's company in Connecticut join forces to eliminate a Chinese competitor or "put up a site similar to theirs so we can compete on pricing." (*Id.*, ¶¶ 48-49.)   Of course, the copying of a website to unfairly compete is precisely what Loukaides has done in this case to a Connecticut company, Graduation Solutions.  Accordingly, Plaintiff has alleged that Defendant Loukaides purposefully, actively and individually solicited the assistance of Mr. Gordon and his company in Connecticut to assist him in a scheme to unfairly compete with another business.

Plaintiff also cites a number of emails in its Amended Complaint in which Loukaides communicated directly with Plaintiff and its employees in Connecticut regarding their respective websites which are at issue in this case in 2016 - 2017. (*Id.*, ¶¶ 83-88.)   Plaintiff also specifically cites email communications between Loukaides and Plaintiff's employee, Kristoff Albanese in which Loukaies tries to poach Mr. Albanese from Graduation Solutions.  (*Id.,* ¶¶ 87-88.)   All of these communications constitute instances in which Loukaides personally transacted business within Connecticut. Additionally, Plaintiff has sufficiently alleged that Defendant Loukaides personally transacted business in Connecticut as an alter ego of his various websites such that an exercise of jurisdiction over him is warranted by  C.G.S.A.  §52-59(b)(a)(1).    Unquestionably,  Loukaides'  websites  are  doing business in Connecticut in that they sell goods to customers in Connecticut and target customers in Connecticut through marketing of the websites.  (*See* Am. Compl., ¶¶ 38-44.)   Indeed, one of Loukaides' websites even has a special drop-

down menu for customers in Connecticut allowing them to select one of the following cities within the state: Bridgeport, New Haven, Hartford, Stamford and/or Waterbury.  (*Id.*, ¶ 40.) [5]

Plaintiff further alleges in the Amended Complaint that Loukaides is the alter ego of Acadima and various other websites which have infringed upon Plaintiff's copyrighted material and which are unfairly competing with Plaintiff.   In its Amended Complaint, Plaintiff specifically alleges that "Acadima and Defendants' Websites all appear to be exclusively controlled by Loukaides and appear to be exclusively controlled by Loukaides and appear to be mere instrumentalities of their sole managing member and owner, Loukaides." (*Id.*, ¶ 73.) Plaintiff further alleges that "Defendant Loukaides, Defendant Acadima and Defendants' Websites under various "assumed names" are all operating as a single economic entity with funds commingled amongst Loukaides, Defendant Acadima and Defendants' Websites.  It appears that Acadima and Defendants' Websites are nothing more than a façade for defendant Loukaides."  (*Id.*, ¶ 74.)  Therefore, this Court may exercise personal jurisdiction over Loukaides individually as the alter ego of Acadima and his various websites since they transact business in Connecticut.

### C. An Exercise of Personal Jurisdiction Over Loukaides by This Court Does Not Offend Constitutional Due Process

The due process test for personal jurisdiction has two related components: the minimum contacts inquiry and the reasonableness inquiry. The court must

---

[5]     Allegations that Loukaides and his websites target Connecticut consumers for sales and targeted Plaintiff's company in Connecticut for copyright infringement and unfair competition constitutes a sufficient basis for specific jurisdiction over Loukaides.

first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) Id., at 524, 923 A.2d 638. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. '[T]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *United States Trust Co. v. Bohart,* 197 Conn. at 34, 41, 495 A.2d 1034 (1985), quoting *225 *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "Whether sufficient minimum contacts exist for a court to have jurisdiction is clearly dependent on the facts of each particular case." *Standard Tallow Corp. v. Jowdy,* 190 Conn. at 48, 52, 459 A.2d 503 (1983). "Once minimum contacts have been established, [t]he second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable under the circumstances of the particular case." (Internal quotation marks omitted.) *Cogswell v. American Transit Ins. Co.,* supra, 282 Conn. at 525, 923 A.2d 638.

In this case, this Court can exercise personal jurisdiction over an out-of-state individual, Loukaides, without violating the principles of due process because he plainly directed his tortious and wrongful conduct squarely at Plaintiff, a company located in Connecticut.  As set forth herein, there is an overall element of injustice and unfairness to the acts of defendant Loukaides' operation of

Acadima and Defendants' Websites including, but not limited to, direct copying of Plaintiff's copyrighted material and trade dress and unfair competition as set forth above, which is purposefully intended to divert customers from Plaintiff's website, unfairly poach sales from Plaintiff and trade upon Plaintiff's goodwill.   Surely, Loukaides knew that his wrongful conduct would cause harm to a company located in Connecticut.   Moreover, it is in the state's interest in protecting companies such as Graduation Solutions from such conduct which causes direct and substantial financial harm to a company domiciled in Connecticut.

### D.   At a Minimum, Plaintiff is Entitled to Jurisdictional Discovery and/or a Hearing on the Issue of Jurisdiction

Although Plaintiff respectfully submits that it has sufficiently alleged personal jurisdiction over Defendant Loukaides individually and as the alter ego of Acadima and various related websites, if there is any doubt, this Court should allow Plaintiff to supplement its opposition to Defendant Loukaides' Motion to Dismiss once it receives the jurisdictional discovery it has requested.   (*See* Exs. D and E.) Alternatively, the Court may also order an evidentiary hearing on the issue of personal jurisdiction over Loukaides as alter ego.   (*See Nadler,* No. CV020190015S, 2003 WL 1963158, at * 5.)

<u>CONCLUSION</u>

For the reasons set forth herein, Defendant Loukaides' Motion to Dismiss the Amended Complaint should be denied in its entirety.

Respectfully Submitted,

GRADUATION SOLUTIONS LLC

By:  */s/ Monte E. Frank*
Monte E. Frank (ct13666)
Nathaniel J. Gentile (ct28860)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
T:  (203) 330-2240
F:  (203) 576-8888
mfrank@pullcom.com
ngentile@pullcom.com


Of counsel:
DORF & NELSON LLP


Jonathan B. Nelson, Esq. (*pro hac vice*
forthcoming)
Laura-Michelle Horgan, Esq. (*pro hac vice*
forthcoming)
Dorf & Nelson LLP
555 Theodore Fremd Avenue
Rye, NY 10580
Phone: (914) 381-7600
Fax: (914) 381-7608
lhorgan@dorflaw.com
*Attorneys for Plaintiff Graduation
Solutions LP d/b/a Graduation Source*