UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRADUATION SOLUTIONS LLC,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ACADIMA, LLC AND ALEXANDER LOUKAIDES,<br><br>　　　　Defendants. | No. 17 Civ. 01342 (VLB)<br><br><br>DECEMBER 21, 2017 |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS**

Defendant Acadima, LLC ("Acadima") and Alexander Loukaides ("Loukaides") submit this Reply Memorandum of Law. As explained below, under the Second Circuit's decision in *Queenie, Ltd. v. NygardInt'l*, 321 F.3d 282, 288 (2d Cir. 2003), the automatic bankruptcy stay applies to Acadima and Loukaides. *See* 11 U.S.C. § 362(a). Until Plaintiff's claims are properly discharged from bankruptcy court, this action cannot proceed without have immediate adverse economic consequence to the debtor's estate.

Acadima, LLC has declared bankruptcy in the Northern District of Texas. (See ECF Doc. No. 24.) The automatic stay provisions of Section 362 of the Bankruptcy Code function as a broad injunction of virtually all types actions against the debtor. The automatic stay applies to all of the chapters of the Bankruptcy Code (*i.e.*, Chapter 11 of the United States Code). Moreover when the automatic stay is in place, creditors such as Plaintiff Graduation Solution LLC

("Graduation Solutions") are subject to the jurisdiction of the bankruptcy court and cannot take prohibited actions without getting permission from a bankruptcy judge.

As Plaintiff acknowledges, the Notice of Bankruptcy states that this *entire* action has been stayed pursuant to 11 U.S.C. § 362.  This is correct.  The bankruptcy stay applies to Loukaides because Graduation Solution is seeking to *pierce the corporate veil* and hold Loukaides liable for the acts committed by the company.[1]  Graduation Solution's claims against Loukaides are derivative of its claims against Acadima.  To hold Loukaides's liable, Plaintiff must first prove the claims against the company and proving the claim will have immediate adverse economic consequence for Acadima's estate.  Moreover, litigating the case distrupts the breathing room given to Acadima under the automatic stay.

This is the classic case where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant[.]" *Queenie, Ltd. v. NygardInt'l*, 321 F.3d 282, 288 (2d Cir. 2003) ("We

---

[1] This court has the authority to determine the scope of the bankruptcy stay. *See In re Baldwin-United Corp. Litigation*, 765 F. 2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.") At the same time:  "Whether it ought to exercise its authority to make such a determination, however, is a different question." *Id.*  There are good reasons to leave the question of the scope of the stay to the Bankruptcy Court:  "Even if it should ultimately be determined that the automatic stay under section 362 does not apply to Paine Webber's third-party complaint, the Bankruptcy Court has authority under section 105 broader than the automatic stay provisions of section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings."  *Id.* at 348 (citations omitted).  Deferring to the bankruptcy court here avoids having conflicting orders in separate circuits.

conclude that the automatic bankruptcy stay applies to Gardner and to Queenie, *his wholly owned corporation*, but not to the other judgment debtors . . . .") (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (emphasis added).  For example, in *MacArthur Company v. Johns-Manville Corporation*, 837 F.2d 89, 92-93 (2d Cir. 1988), the Second Circuit held that the bankruptcy court had authority to enjoin suits against bankrupt's insurers. The insurers' liability was derivative of the insured – the company that had declared bankruptcy.

*Queenie* is the leading case in the Second Circuit on this issue.[2]  In *Queenie*, an individual declared bankruptcy and that individual wholly owned a corporation. The Second Circuit held that the automatic stay also protected the corporation "because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner."  *Queenie*, 788 F.2d at 999.

Likewise, in *In re Residential Capital, LLC*, No. 12-3342, 2013 WL 3491311 (2d Cir. July 15, 2013) (summary order), the Second Circuit relied on *Queenie* when it rejected the District Court's *per se* holding that the automatic stay never applies to non-debtors and remanded the matter back to the District Court to supplement the record.  *In re Residential Capital* demonstrates that the Second Circuit's earlier holding in *Queenie* that the automatic stay's protection of non-

---

[2] *Queenie* relies heavily on the Fourth Circuit's decision in *A.H. Robins Co., Inc.*, 788 F.2d at 999, where the issue of when a non-bankrupt party should benefit from a section 362(a)(1) stay has been considered most persuasively. The Fourth Circuit determined that a stay may be imposed against a non-bankrupt party under special circumstances: when an identity of interest exists between the debtor and third party non-debtor to the extent that the debtor is the real party defendant and that a judgment against the third party non-debtor will affect directly the debtor.

debtors is not limited to the narrow circumstance where the non-debtor is a wholly owned subsidiary of the debtor.  Moreover, debtors such as Loukaides need not rely exclusively on the court's discretion under section 105 of the Bankruptcy Code to "extend" the automatic stay to non-debtors – the statutory automatic stay applies to certain non-debtors by its own terms where the action against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.[3]

Courts may allow a suit against an individual owner or an officer to move forward a plaintiff alleged *independently* liability on a *separate* claim, but that is not the case here.  For example, in *Cae Industries LTD., v. Aerospace Holdings Company*, 741 F. Supp. 388 (S.D.N.Y. 1990), the court held that the automatic stay did not apply to the debtor's former chairman because the former chairman was allegedly independently liable to the creditor for tortious interference, and therefore the unusual circumstances standard articulated in the *Robins* and *Queenie* did not apply. In addition, the court found that the debtor's reorganization efforts would not be harmed significantly if the lawsuit against the debtor's former chairman went forward.

Here, Plaintiff has brought the claims against the Company and Loukaides: copyright infringement, trade dress infringement, false advertising, violation of

---

[3] *See also Crysen/Montenay Energy Co. v. Esselen Associates, Inc.*, 902 F.2d 1098, 1101-1104 (2d Cir.1990) (stay prevented oil supplier from suing a buyer when broker's bankruptcy trustee had a pending adversary proceeding against the buyer for missing oil); *Matter of S.I. Acquisition Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987) (stay applies to prevent interrogatories addressed to officers of company affiliated with bankrupt debtor). *Lomas Financial Corp. v. Northern Trust Co.* (In re Lomas Financial Corp.), 117 B.R. 64 (S.D.N.Y. 1990).

**Connecticut's common law prohibition against unfair competition and unjust enrichment. There are no separate claims against Loukaides that have been brought independently. Moreover, even if Plaintiff were not trying to pierce the protections afforded by the LLC, there would be no way to adjudicate the claims against Loukaides without disrupting the debtor's estate. Litigation will drain the estate's limited resources and adversely affect existing creditors.**

**For these reasons, the Notice of Bankruptcy is correct: The automatic bankruptcy stay applies to the entire action until the claims are discharged or the bankruptcy court lifts the stay under a properly filed motion in the Northern District of Texas.**

**Date: December 22, 2017**

*/s/ Kathryn R. Sylvester*
**Kathryn R. Sylvester
L.O. of Kathryn R. Sylvester, L.L.C.
P.O. Box 5076
Woodbridge, CT 06525
Counsel for Defendants**

4

## CERTIFICATE OF SERVICE

    I hereby certify that on December 22, 2017, a copy of the foregoing motion and memorandum of law was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Kathryn R. Sylvester
Kathryn R. Sylvester
