# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRADUATION SOLUTIONS LLC,<br><br>        Plaintiff<br><br>        v.<br><br>ACADIMA, LLC and ALEXANDER LOUKAIDES,<br><br>        Defendants. | No.: 3:17-cv-01342 (VLB) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ACADIMA'S**
**<u>SECOND MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................................................................i

PRELIMINARY STATEMENT ...............................................................................2

STATEMENT OF FACTS .......................................................................................2

PROCEDURAL HISTORY.......................................................................................2

ARGUMENT ...........................................................................................................8

I. ACADIMA MISAPPLIES THE DOCTRINE OF "EQUITABLE
    MOOTNESS ...................................................................................8

II. THE DOCTRINE OF "EQUITABLE MOOTNESS" CANNOT BE
    UTILIZED IN A PRE-ANSWER MOTION TO DISMISS UNDER
    THE GUISE OF FRCP 12(B)(6) .....................................................10

III. ACADIMA IS NOT A "DEFUNCT" OR "DISSOLVED"
    CORPORATION............................................................................12

IV. EVEN IF THE DOCTRINE OF "EQUITABLE MOOTNESS"
WERE APPLICABLE, ACADIMA DOES NOT PROVE THAT IT
MERITS RELIEF UNDER THIS DOCTRINE .....................................15

CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Absolute Activist Value Master Fund Ltd. v. Ficeto,*
677 F.3d 60, 65 (2d Cir. 2012) ............................................................ 10

*Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,*
103 F.Supp.2d 1180, 1183 (N.D. Cal. 2000) ...................................... 12

*Franco v. Ideal Mortg. Bankers, Ltd.,*
No. 07-CV-3956 (JS )(SKT),  slip op. at 2 (E.D.N.Y. Nov. 9,2017 ...................... 4

*Halebian v. Berv,*
644 F.3d 122, 130 (2d Cir. 2011) ...................................................... 10

*In re Blast Energy Servs., Inc.,*
593 F.3d 418, 425 (5th Cir. 2010) ..................................................... 9

*In re CVA General Contractors, Inc.,*
*267 B.R. 773, 781 n. 10 and accompanying text (W.D.Tex.1991)* .................. 13

*In re Envirodyne Indus.,*
*29 F.3d 301, 304 (7th Cir.1994)* ....................................................... 15

*In re Pac. Lumber Co.,*
584 F.3d 229, 240 (5th Cir.2009) ...................................................... 9

*In re Metromedia Fiber Netweok, Inc.*
416 F.3d 136 (2d Circuit 2005 ...................................................... 8,15

*In re Tribune Media Co.,*
799 F.3d 272, 278 (3d Cir. 2015) ...................................................... 8

*Jackson v. Corporategear, LLC,*
*No. 04 Vic. 10132 (DC), 2005 WL 3527148, at 4 (S.D.N.Y 2005)* ............... 13,14

*Lopez v. Jet Blue Airways,*
662 F.3d 593, 596 (2d Cir. 2011)  ...................................................... 10

*N.L.R.B. v. Better Bldg. Supply Corp.,*
837 F.2d 377 (9th Cir. 1988) ........................................................... 12

*Pavers & Road Builders Dist. Council Welfare Fund v.*
*Core Contracting of N.Y., LLC*, 536 B.R. 48 (Bankr. E.D.N.Y. 2015) ............... 4

*Queenie, Ltd. v. Nygard Int'l*,
321 F.2d 282, 287 (2d Cir. 2003)……………………………………..……………4

*Shaoxing Bon Textiles Co., Ltd. v. 4-U Performance Grp. LLC*,
No. 16 Civ. 6805 (JSR), slip op. at 9 (S.D.N.Y. Nov. 22, 2017).) ....................... 4

## STATUTES AND RULES

11 U.S.C. § 362 ................................................................................. 3,4

11 U.S.C. §727 ................................................................................. 6, 17

17 U.S.C. § 101 ................................................................................. 11

15 U.S.C. § 1125 ................................................................................. 11

11 U.S.C. §1141 ................................................................................. 14

11 U.S.C. §1121 ................................................................................. 16

11 U.S.C. §1123 ................................................................................. 16

Fed. R. Civ. P. 12(b)(6) ................................................................................. 10

## PRELIMINARY STATEMENT

Plaintiff Graduation Solutions LLC ("Plaintiff" or "Graduation Solutions") brought this action against Acadima, LLC ("Acadima") and Alexander Loukaides ("Loukaides") (collectively "Defendants") for copyright infringement, trade dress infringement, false advertising, violation of Connecticut's common law prohibition against unfair competition, and unjust enrichment.[1]  The action stems from Defendant Acadima taking copyrighted works from Plaintiff's website in order to promote its own business and various other websites.  Defendant Alexander Loukaides ("Loukaides") is the dominant and active force behind Acadima and its ancillary websites.

Plaintiff, a seller of premium graduation apparel and accessories, invested a significant amount of resources into its website which contains copyrighted original works, which the Defendants illegally apportioned and infringed upon. The Defendant now moves to dismiss Plaintiff's Second Amended Complaint and proffers a baseless argument utilizing the entirely inapplicable doctrine of "Equitable Mootness." Moreover, the Defendant's claim that it is dissolved due to the filing of a voluntary petition under Chapter 7 Bankruptcy, is similarly incorrect and misguided.[2]  As will be demonstrated forthwith, the Defendant's claims are wholly without merit, and must be dismissed.

---

[1]     A copy of Plaintiff's Second Amended Complaint, filed on February 5, 2018, ECF Doc. No. 31, is annexed hereto as <u>Exhibit A</u>.

[2]     *See* ECF Docs. Nos. 34-35.

## STATEMENT OF FACTS

Plaintiff Graduation Solutions is a Nevada limited liability company with a principal place of business in Connecticut. (*See* Sec. Am. Compl. ¶ 7.) Plaintiff is a leader in design, marketing, and on-line sales of premium graduation apparel and accessories. (*Id* at ¶ 8.) At a substantial cost, Plaintiff created the Graduation Solutions website (the "GS Website") to promote and sell its goods. (*Id.*) As set forth in detail in its Second Amended Complaint, the GS Website contains original works of authorship, including, without limitation, its graphic designs, photographs, and website design have been registered with the United States Copyright Office. (*Id.*)

As alleged in the Second Amended Complaint, Acadima is a Texas Limited Liability Company with a principal place of business located at 14241 Dallas Parkway, Suite 650, Dallas, TX 75254. Acadima owns and operates the website that is located at https://Acadima.com, (the "Acadima Website") and offers apparel and accessories for graduations in the same manner as Plaintiff. As is set forth in its Second Amended Complaint, Defendant Acadima infringed on Plaintiff's copyrights and otherwise illegally apportioned its propriety intellectual property. (*Id.* at ¶ 122.)

## PROCEDURAL HISTORY

On August 9, 2017, Plaintiff filed a Complaint against Acadima and Alexander Loukaides. (*See* ECF Doc. No. 1.) That same day, the Court issued an Order on Pretrial Deadlines. (*See* ECF Doc. No. 3.) On September

29, 2017, counsel for Defendants Acadima and Loukaides entered an appearance.  (*See* ECF Doc. No. 12.)

On September 30, 2017, Defendants filed a Motion to Dismiss.  (*See* ECF Doc No. 15.)  On October 27, 2017, Plaintiff filed an Amended Complaint.  Plaintiff's Amended Complaint included additional allegations regarding jurisdiction in response to Defendants' Motion to Dismiss.  (*See* ECF Doc No. 19.)  On November 16, 2017, Defendants filed a Motion to Dismiss the Amended Complaint.  (*See* ECF Doc. No. 21.)  Shortly thereafter, on November 20, 2017, Acadima filed a Voluntary Petition for Chapter 7 bankruptcy in the Northern District of Texas.  (A copy of Acadima's Voluntary Petition for Chapter 7 Bankruptcy is annexed hereto as <u>Exhibit A</u>.)[3]  As set forth therein, Acadima alleges to have $81,575.00 in liabilities and only $12,144.00 in assets.  (*Id.*)  However, as further set forth therein, Acadima earned gross revenues of $1,315,356.00 in 2016 and $1,122,872.00 so far for 2017.  (*Id.*)  Also, despite filing for Chapter 7 bankruptcy, Acadima is still doing business online and therefore generating revenue.  (*See* https://www.acadima.com/.)

On November 21, 2017, Defendants filed a Notice of Bankruptcy in this action.  (*See* ECF Doc. No. 24.)  In the Notice, Defendants erroneously contended that the entire action against both Defendants Acadima and Loukaides had been stayed pursuant to 11 U.S.C. § 362 even though only

---

[3]      As set forth in the case *Costello v. Wells Fargo Bank Nat'l Assoc.*, No. 16-cv-1706, 2017 WL 3262157, at *6 (July 31, 2017), the Court may take judicial notice of documents filed in another litigation.

Acadima filed for Chapter 7 bankruptcy. On December 7, 2017, Plaintiff filed an opposition to Defendant Loukaides' Motion to Dismiss only. (*See* ECF Doc. No. 25.)

On January 3, 2018, the Court issued a Ruling and Order staying the action as to Acadima only pursuant to 11 U.S.C. § 362(a) and upon consent by the parties. (*See* ECF Doc. No. 27.) The Court declined to stay the action against Loukaides on the ground that he failed to allege facts or provide evidence indicating "'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" (*Id.*) (*citing Queenie, Ltd. v. Nygard Int'l*, 321 F.2d 282, 287 (2d Cir. 2003); *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956(JS)(SKT), slip op. at 2 (E.D.N.Y. Nov. 9, 2017); *Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48 (Bankr. E.D.N.Y. 2015); *Shaoxing Bon Textiles Co., Ltd. v. 4-U Performance Grp. LLC,* No. 16 Civ. 6805 (JSR), slip op. at 9 (S.D.N.Y. Nov. 22, 2017).)

In the Ruling and Order, the Court also found that Plaintiff's Amended Complaint did not allege facts sufficient to establish alter ego liability. (*See* ECF Doc. No. 27, pp. 1-2.) The Court therefore ordered Plaintiff to file a Second Amended Complaint on or before January 18, 2018 alleging facts sufficient to establish the Defendants liability based on alter ego theory under Texas law. (*Id.*, P. 2.) The Court further held "Defendant may then refile a Motion to Dismiss on or before February 1, 2018 addressing personal

jurisdiction as well as whether the automatic stay extends to Defendant Loukaides." (*Id.*)

Plaintiff filed a Second Amended Complaint. (*See* ECF Doc. No. 31.) At the time, Plaintiff filed a Notice of Dismissal of the Bankruptcy Case filed by Acadima. (*See* ECF Doc. No. 32.) As set forth therein, the Acadima Bankruptcy was closed on January 22, 2018. (*Id.*) Plaintiff stated that "[s]ince the Bankruptcy Case has been closed, the automatic stay . . . is no longer in effect and should be lifted." (*Id.*) On February 6, 2018, the Court issued an Order stating that "[i]f Defendants oppose lifting the stay, they shall respond to the Notice on or before 02/20/2018 with a legal and factual basis as to why the stay should not be lifted." (ECF Doc. No. 33.) Defendants Acadima and Loukaides filed separate Motions to Dismiss the Second Amended Complaint on February 20, 2018. (*See* ECF Doc Nos. 34-37.)

In its Motion to Dismiss, Defendant Acadima incorrectly claims that Graduation Solutions "elected not to contest any issue raised by Acadima LLC's Chapter 7 bankruptcy." (Def. Mem. at p. 2.) By this statement, Acadima reveals a profound misunderstanding of the effect of its Chapter 7 proceeding.

Inasmuch as no proof of claim deadline was ever set in Acadima's Chapter 7 case (*see In re Acadima LLC,* United States Bankruptcy Court for the Northern District of Texas, Case No. 17-34346, ECF No. 3), it was unnecessary for Graduation Solutions to file any claim against Acadima in its Chapter 7 proceeding, and given the reality that artificial entities such as

Acadima do not receive a bankruptcy discharge, 11 U.S.C. §727(a)(1), Acadima's bankruptcy proceeding had absolutely no effect on the claims asserted in this proceeding. Thus, there were no issues to contest other than Acadima's unlawful operation of its business after commencing its Chapter 7 proceeding,[4] and Graduation Solutions specifically advised Acadima's Chapter 7 Trustee of that fact. *See infra.* p. 7.

In any event, on February 15, 2018, Graduation Solutions sent a letter to the Chapter 7 Trustee advising him of this action and that Acadima, while controlled by Loukaides, directly copied Graduation Solutions' copyrighted material and trade dress in order to unfairly compete with Graduation Solutions and divert revenue from it to Acadima and that Defendants' <u>conduct is ongoing</u>. (A copy of the Letter from Laura-Michelle Horgan, Esq. to Trustee Scott M. Seidel is annexed hereto as <u>Exhibit B</u>.)[5]

Graduation Solutions further stated in the letter that it believes that Acadima filed for Chapter 7 bankruptcy so that it could continue its misconduct and avoid judgment against it in the Federal Action. (*Id.,* p. 2) It further stated that it believes that the representations made to the

---

[4] Only the Chapter 7 trustee in a Chapter 7 case may operate the debtor's business during the Chapter 7 case, and even then, only after receiving authority from the Bankruptcy Court to do so. (*See* 11 U.S.C. §721.) *See also* Alan N. Resnick and Henry J. Sommer, 6 Collier on Bankruptcy ¶721.01 at p. 721-2 (16th ed. 2017) ("[u]nlike in a chapter 11 case, where the Code expressly authorizes the debtor to continue to operate its business, in a chapter 7 case, the bankruptcy court can authorize only the trustee, and not the debtor, to operate the debtor's business pursuant to section 721").

Trustee by Frank Seviane at the Meeting of Creditors were false in that: (i) he represented that Acadima was no longer operating when in fact it is still functional and selling merchandise to customers and Plaintiff submitted proof of this to the Trustee (*id.*); and (ii) that there does not appear to have been any real transfer of ownership of Acadima from Mr. Loukaides to Mr. Seviane and, even if there was, it has the earmarks of a fraudulent conveyance since Mr. Seviane testified at the Creditors' Meeting that he paid a mere $10,000.00 to purchase the company in March of 2016 (which Loukaides admits in his Motion to Dismiss at p. 2) but according to Acadima's Bankruptcy Petition, the company had gross receipts of $1,315,356.00 in 2016 and $1,122,872.00 so far for 2017 which amounts to a total of $2,438,228.00 in revenue through November 20, 2017 (*id.* at pp. 2-3).

Notably, in the letter, Plaintiff Graduation Solutions requested that the Trustee reopen Acadima's Chapter 7 case, which was closed on January 22, 2018, and conduct or arrange for a forensic examination as to what happened to the nearly $2.5 million in receipts that Acadima had in 2016 and 2017. (*Id.* at p. 3.) Plaintiff is presently in communications with the Chapter 7 Trustee about this issue.

On February 20, 2018, Acadima filed a second motion to dismiss ("Second Motion to Dismiss") in response to Plaintiff's second Amended Complaint. (*See* ECF Doc. No. 34, 35.) Plaintiff now submits the instant

---

[5] Again, the Court may take judicial notice of Plaintiff's letter. (*See Costello*, 2017 WL 3262157, at *6 (July 31, 2017).)

memorandum of law in opposition to Defendant Acadima's second motion to dismiss.

**ARGUMENT**

I.     <u>ACADIMA MISAPPLIES THE DOCTRINE OF "EQUITABLE MOOTNESS"</u>

Incredulously, Defendant Acadima asks this Court to dismiss the instant action pursuant to the doctrine of Equitable Mootness, a doctrine which is entirely irrelevant to the case at bar. In sum, Equitable Mootness is a legal principal considered by Appellate Courts upon *appeal* of a Chapter 11 reorganization plan. Courts utilize the doctrine to determine whether it is warranted to reverse a reorganization plan on appeal, thereby unwinding a potentially fully or even partially consummated reorganization structure, when doing so would be exceedingly impracticable. *See In re Metromedia Fiber Netweok, Inc.* 416 F.3d 136 (2d Circuit 2005). Here, Acadima did not file its Bankruptcy petition under Chapter 11 seeking reorganization, but instead sought relief under Chapter 7 for liquidation. On this basis alone, the Defendant's motion to dismiss is proven to be misplaced.

Even utilized in its proper channel, the doctrine is meant to be applied "narrowly."     *See In re Tribune Media Co.*, 799 F.3d 272, 278 (3d Cir. 2015). Indeed, the doctrine is only meant to be employed if it is, ". . . prudent for practicable reasons to forbear deciding an appeal when the relief requested

will undermine the finality and reliability of consummated plans of reorganization." *See Id.*

The Defendant's attempt to utilize Equitable Mootness as a means to dismiss Plaintiff's action is entirely disingenuous, and meant as a rouse to deceive the Court. As the Defendant is certainly aware, the instant dispute is certainly not an appeal of a Chapter 11 confirmation order or related to any financial reorganization whatsoever, and thus, there is no confirmation order or other state of affairs in Acadima's closed Chapter 7 case that would be "undermined" by proceeding with this action.[6]Indeed, Plaintiff has set forth six viable Causes of Action against the Defendants, which are entirely unrelated to any financial reorganization of Defendant Acadima, which instead sought liquidation under Chapter 7 of the Bankruptcy Code. As such, there is absolutely no basis in law or equity, which would apply Equitable Mootness as a barrier to this action.

Furthermore, even in the context to which Equitable Mootness is applicable, the doctrine is applied, ". . . with a scalpel rather than an axe. . . ," and a Court may always ". . . fashion whatever relief is practicable." *See In re Blast Energy Servs., Inc.*, 593 F.3d 418, 425 (5th Cir. 2010) *quoting In re Pac. Lumber Co.,* 584 F.3d 229, 240 (5th Cir.2009). So, contrary to the Defendant's assertions, even if the doctrine of "Equitable Mootness" were applicable,

---

[6] To the contrary, accepting Acadima's argument would undermine the integrity of the bankruptcy laws because the very purpose of 11 U.S.C. §727(a)(1) is to prevent a corporation or limited liability company from operating free of its debt after it has gone through the Chapter 7 process.

which it is not, the Court may still tailor relief in any manner which is practicable, which, in its own right, is a reason to allow this action to proceed to conclusion.

## II. THE DOCTRINE OF "EQUITABLE MOOTNESS" CANNOT BE UTILIZED IN A PRE-ANSWER MOTION TO DISMISS UNDER THE GUISE OF FRCP 12(B)(6)

It is noteworthy that Acadima utterly fails to establish the existence of any link between the doctrine of Equitable Mootness, and dismissal pursuant to the Federal Rules of Civil Procedure ("FRCP"). Section 12(b)(6). It is the Defendant's burden to substantiate its arguments, and ensure it sufficiently lays the foundation for dismissal pursuant to FRCP 12(b)(6). In this instance, Acadima has failed to do so in spectacular fashion.

In order to defeat an application made pursuant to the FRCP 12(b)(6), ". . . a complaint must contain factual matter that, if accepted as true, states a plausible claim for relief. *See Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012), *quoting, Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts note that the purpose of FRCP 12(b)(6) is to ensure the sufficiency of a statement of claim for relief, before determining the claim's substantive merits. *Halebian v. Berv,* 644 F.3d 122, 130 (2d Cir. 2011); *quoting Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.2d 150, 155 (2d Cir. 2006). In this regard, the court must assume the factual allegations in the Complaint as true, and draw all inferences in Plaintiff's favor. *See Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011). In this instance, it is uncontroverted that Plaintiff fully articulates, with sufficient

particularity, six valid Causes of Action, which when assumed as true, establish lawful claims against Acadima.

It would appear that the instant motion is nothing but a misguided attempt to dismiss Plaintiff's complaint, without even discussing, let alone proving, that Plaintiff's second Amended Complaint is in any way insufficient. It is likely that the Defendant does not attempt to refute the allegations in Plaintiff's complaint, because they simply *cannot*. Instead, Acadima attempts to utilize an obscure and entirely irrelevant legal doctrine as a means to preliminary dismiss Plaintiff's action, without even addressing the merits set forth therein. This Court should not permit Defendant's charlatan methods to persuade it from what is plainly obvious: Plaintiff's second Amended Complaint is more than adequate, and is certainly sufficient to survive this motion to dismiss.

As stated above, the second Amended Complaint dated February 5, 2018, enumerates six Causes of Actions against Defendant Acadima: (1) copyright infringement under 17 U.S.C. § 101, et seq. (2) trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (4) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), (5) violation of Connecticut's common law prohibition against unfair competition, and (6) unjust enrichment. Each Cause of Action is substantiated by supporting facts and evidence, which when presumed as true, sufficiently establish the material elements for each claim. Based

solely on the foregoing, Defendant's motion to dismiss should be denied in its entirety.

III.   <u>ACADIMA IS NOT A "DEFUNCT" OR "DISSOLVED" CORPORATION</u>

Defendant Acadima incorrectly contends that it's filing for relief under Chapter 7 on November 20, 2017, renders it as "defunct," or "dissolved." It is well established that a voluntary petition filed by a corporation under Chapter 7 of the bankruptcy code <u>does not legally dissolve that corporation</u>. *See N.L.R.B. v. Better Bldg. Supply Corp.,* 837 F.2d 377 (9th Cir. 1988) (the claim that "section 727 excludes corporations from discharge because Chapter 7 proceedings effect dissolution is not supported by the terms of the Code); *see also, Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,* 103 F.Supp.2d 1180, 1183 (N.D. Cal. 2000). *Accord* Alan N. Resnick and Henry J. Sommer, 6 Collier on Bankruptcy ¶727.01[3] at p. 727-10 (16th ed. 2017) ("[u]nder the Code, a corporation or partnership in a chapter 7 case is liquidated only and never receives a discharge.  After liquidation, any dissolution of the corporation or partnership that the parties desire must be effectuated under state law, since the Code does not provide for dissolution of corporations or partnerships'). Instead, as stated in Collier's and the better reasoned case law, corporations must utilize state procedures for their legal dissolution, and until such time, are not legally dissolved. *See Id.* Indeed, a claim against a debtor corporation, which was not administered in the Chapter 7 proceedings, survives and may be pursued after a Chapter 7

proceeding is terminated. *See Jackson v. Corporategear, LLC*, No. 04 Vic. 10132 (DC), 2005 WL 3527148 (S.D.N.Y Dec. 21, 2005).

It is also noteworthy that Texas corporation law provides that a dissolved corporation continues its corporate existence for a period of three years from the date of dissolution, so it may prosecute or defend itself in any action or proceeding after its Chapter 7 case has concluded. *See In re CVA General Contractors, Inc.*, 267 B.R. 773, 781 n. 10 and accompanying text (Bankr. W.D.Tex.1991) (citing TEX. BUS. CORP. ACT, Art. 7.12A(1)–(2) (West Supp. 2001)).

Plaintiff's argument is further supported by the rationale behind 11 U.S.C. 727(a)(1). The statute was implemented by legislatures to prevent corporations from abusing bankruptcy law to evade liabilities. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 384 (1977) reprinted in 1978 U.S. Code Cong. and Admin. News, pp. 5787, 6340, and S.Rep. No. 989, 95th Cong. 2nd Sess. 98 (1978) reprinted in 1978 U.S. Code Cong. and Admin. News, p. 5884. (Section 727(a)(1) was adopted to "avoid trafficking in corporate shells and in bankrupt partnerships."). The drafters of the bankruptcy code determined to prohibit a discharge for corporations under Chapter 7, so as to restrain their ability to operate while avoiding previously incurred debts and liabilities. As succinctly stated by Judge Chin in *Jackson v. Corporategear*:

> the [corporate] Chapter 7 proceedings do not dissolve a corporation, and unless the corporation is dissolved under state law, the corporation continues to exist and is subject to liability [citing authority]. Hence, if a claim against a debtor corporation is not administered in the Chapter 7

> proceeding, it survives and can be pursued after
> the Chapter 7 case is closed.

*Jackson v. Corporategear, LLC*, No. 04 Vic. 10132 (DC), 2005 WL 3527148,

at *4 (S.D.N.Y Dec. 21, 2005).

With this in mind, it strains credulity for Acadima to suggest that the

Bankruptcy Code, which does not authorize a corporation's debt to be

discharged due to the above fears of abuse, would permit a corporation to

avoid any and all legal liabilities after the voluntary filing of a petition under

Chapter 7 bankruptcy and without undergoing the rigorous process of

Chapter 11, which does provide for a discharge of debts if the debtor is able

to confirm a plan of reorganization which provides for its continued

operation. *See* 11 U.S.C. §1141(d)(1), (d)(3).[7]

Moreover, Acadima's arguments are even more absurd in light of the

fact that the corporation is presently <u>active and functioning</u>. Indeed,

Acadima's websites are currently operating, the customer support telephone

numbers, and customer pages are all still active on Acadima's website (See

Sec. Am. Compl. ¶¶ 114-118.) Moreover, Acadima's websites continue to

misuse Plaintiff's intellectual property. The fact that Acadima continues to

operate, and remained active even after it filed a voluntary petition for

bankruptcy on November 20, 2017, proves that the entity is not "defunct" or

---

[7] Notably, even a corporation or limited liability company reorganizing under Chapter 11 will not receive a discharge if the plan provides for the liquidation of its assets and it does not engage in business post-confirmation. See 11 U.S.C. §1141(d)(3).

"dissolved," and it cannot attempt to avoid its liabilities by falsely claiming otherwise.

IV. **EVEN IF THE DOCTRINE OF "EQUITABLE MOOTNESS" WERE APPLICABLE, ACADIMA DOES NOT PROVE THAT IT MERITS RELIEF UNDER THIS DOCTRINE**

Even if this Court were to determine that Equitable Mootness should be considered, Acadima has failed to articulate a valid reason for the court to apply the doctrine in this circumstance. The fact remains, the Second Circuit has never applied the doctrine of Equitable Mootness to a Chapter 7 liquidation, and Acadima does not provide any binding case law that would establish otherwise.

"[E]quitable mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *See In re Metromedia Fiber Netweok, Inc.* 416 F.3d 136 (2d Circuit 2005) citing *In re Envirodyne Indus.*, 29 F.3d 301, 304 (7th Cir.1994). At the outset, while the Defendant argues that Equitable Mootness may be applied outside of an appeal of a Chapter 11 reorganization, all cases referenced by the Defendant clearly establish that Equitable Mootness can only be applied on *appeal* of a form of settlement or financial reorganization. There is no supporting evidence that the doctrine may be used as a weapon in a pre-answer motion to dismiss. Further, not only is there no hindrance to any consummated

settlement or reorganization plan, but in fact, no settlement or reorganization plan *exists* which could be frustrated by this action.

Notwithstanding the fact that Equitable Mootness has absolutely zero basis being applied in the current circumstance, Acadima has also failed to prove how a Chapter 7 bankruptcy termination would create any impracticalities to the enforcement of a potential judgment against it. First, as mentioned above, Acadima remains an *active corporation*, with an active website. (*See* Sec. Am. Compl. ¶115.) It is hardly impracticable to enforce relief against an active corporation, which regularly solicits and procures business throughout the Country. Second, no reorganization or liquidation plan was ever confirmed or consummated in the Chapter 7 proceedings, nor could it be because only Chapter 11 provides for a plan of reorganization or liquidation. *See generally* 11 U.S.C. §§1121, 1123. Thus, the Court is not forced to consider unscrambling any plan in order to grant Plaintiff's requested relief; which is the only point of the doctrine of Equitable Mootness. Next, no third party would be significantly harmed or implicated by Plaintiff's Causes of Action against Acadima in any way. Lastly, Plaintiff may easily enforce a money judgment against the Defendant, because Acadima maintains substantial assets and is currently generating revenue. It would thus be entirely plausible and practicable to enforce a potential judgment against the Defendant.

Moreover, Acadima's bankruptcy was closed *less than two months* ago, and as such, this action would have absolutely no effect on the

bankruptcy proceeding, but rather, would further the policy of 11 U.S.C. §727(a)(1) to prevent artificial entities such as Acadima to shed debt by filing Chapter 7 and then resume operations debt-free after completing the Chapter 7 process. The entire duration of the Chapter 7 bankruptcy was a mere sixty-three (63) days. Moreover, only fourteen (14) days passed from the time the bankruptcy was terminated until the filing of Plaintiff's second Amended Complaint.

<u>CONCLUSION</u>

For the reasons set forth herein, Defendant Acadima's Motion to Dismiss the Amended Complaint should be denied in its entirety.

Dated:     Hartford, Connecticut
           March 13, 2018

                              Respectfully Submitted,

                              Graduation Solutions LLC

                              By:

                              */s/ Monte E. Frank*
                              **Monte E. Frank (ct13666)**
                              **Nathaniel J. Gentile (ct28860)**
                              **Pullman & Comley, LLC**
                              **850 Main Street, P.O. Box 7006**
                              **Bridgeport, CT 06601**
                              **T: (203) 330-2240**
                              **F: (203) 576-8888**
                              **mfrank@pullcom.com**
                              **ngentile@pullcom.com**

Of counsel:
**DORF & NELSON LLP**

**Jonathan B. Nelson, Esq.**
**Laura-Michelle Horgan, Esq.**
**Solomon A. Frager, Esq.**
**Dorf & Nelson LLP**
**555 Theodore Fremd Avenue**
**Rye, NY 10580**
**Phone: (914) 381-7600**
**Fax: (914) 381-7608**
**lhorgan@dorflaw.com**
***Attorneys for Plaintiff Graduation***
***Solutions LP d/b/a Graduation***
***Source***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date above, the foregoing document was filed electronically with the Clerk of Court using CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

***/s/ Monte E. Frank***
**Monte E. Frank**