UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Graduation Solutions LLC,** | ) |
| | ) |
| Plaintiff | )   Case No. 17 Civ. 01342 (VLB) |
| | ) |
| v. | ) |
| | ) |
| **Acadima LLC and Alexander Loukaides,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
DEPOSITION OF ALEXANDER LOUKAIDES DURING THE PENDENCY OF
<u>THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**ELIMINARY STATEMENT**

On February 20, 2018, Loukaides filed a motion to dismiss based, among other things, on lack of personal jurisdiction.  (*See* Docket Nos. 36 and 37.)  Although the motion is *sub judice* and the threshold jurisdictional issue has not been decided, on April 20, 2018, Plaintiff served a notice of deposition seeking to depose Loukaides on May 22, 2018, at Plaintiff's offices in Bridgeport, Connecticut, even though Mr. Loukaides is not a United States resident.  For these reasons, and in the absence of a stipulation among the parties to adjourn *sine die* the deposition, Loukaides has no choice but to file this motion for a protective order seeking to quash the deposition until after the Court has decided whether it has personal jurisdiction over Loukaides.

**LEGAL ARGUMENT**

**I.   Because Plaintiff Has Failed to Make Out a Prima Facie Case of Personal Jurisdiction, It Is Not Entitled to a Deposition**

Loukaides has demonstrated in the pending motion to dismiss that Plaintiff has failed to make out a *prima facie* case of personal jurisdiction.  And Plaintiff has presented no evidence that jurisdictional discovery will yield any information demonstrating that Loukaides is subject to the Court's personal jurisdiction.  Accordingly, Plaintiff is not entitled to any discovery, even limited jurisdictional discovery.  The deposition notice should be quashed on that basis alone.  *See Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. App'x 52, 56 (2d Cir. 2014) (in dismissing complaint for lack of personal jurisdiction, "[t]he district court correctly held that appellants failed to meet th[eir] burden [of showing their entitlement to jurisdictional discovery], and did not err in declining

1

to allow appellants to fish for additional grounds of jurisdiction that they had not alleged."); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 235 (S.D.N.Y. 2015), *aff'd sub nom. Tannerite Sports, LLC v. NBCUniversal News Group, a division of NBCUniversal Media, LLC*, 864 F. 3d 236 (2d Cir. 2017) ("In addition to failing to make a prima facie case for [personal] jurisdiction, [plaintiff] Tannerite has failed to present any specific information indicating that [jurisdictional] discovery is likely to yield evidence sufficient to demonstrate that [defendant] WLEX purposefully directed its statements into New York. Accordingly, Tannerite's request for leave to conduct jurisdictional discovery is denied.").

II.  **Plaintiff Is Not Entitled to Jurisdictional Discovery, Including a Deposition <u>Outside of Loukaides' State of Residence</u>**

Even if Plaintiff could demonstrate a need for jurisdictional discovery—to be sure, it cannot—Plaintiff improperly seeks to depose Loukaides in Connecticut, where he does not reside. Deposing Loukaides in Connecticut is especially inappropriate where he is a United Kingdom national who maintains a residence in China and currently has no future plans to visit Connecticut. And it is black-letter law that "a defendant's deposition will be held in the district of his residence." *Friedman v. SThree PLC.*, 2015 WL 13628133, at *2-3 (D. Conn. July 1, 2015) (holding that depositions should be conducted where deponents are located even if they are located outside of the United States). Indeed, "at the jurisdictional discovery phase . . . the presumption that a defendant's deposition will be held in the district of his residence is particularly strong" and "[i]t is the plaintiff who is generally required to bear any reasonable burdens of

**2**

inconvenience that the action represents[.]" *Id.*  Plaintiff cannot satisfy the burden here, so the deposition notice should be quashed for this independent reason as well.

## CONCLUSION

For the foregoing reasons, the Court should quash Plaintiff's notice of deposition seeking to depose Loukaides in Connecticut, where he does not reside, before this Court has determined whether personal jurisdiction exists.

Dated:  May 21, 2018

*/s/ Kathryn R. Sylvester*
Kathryn R. Sylvester
L.O. of Kathryn R. Sylvester, L.L.C.
P.O. Box 5076
Woodbridge, CT 06525
**Counsel for Defendants**

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, a copy of the foregoing motion and memorandum of law was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ Kathryn R. Sylvester
Kathryn R. Sylvester