JEFFREY S. BAGNELL

JEFFREY S. BAGNELL, ESQ., LLC

55 GREENS FARMS ROAD, #200-60
WESTPORT, CONNECTICUT 06880

203-984-8820    JBAGNELL@BAGNELL-LAW.COM    BAGNELL-LAW.COM

*Admitted in Connecticut and Massachusetts

June 14, 2018

**VIA ECF**

Honorable Vanessa L. Bryant
United States District Court
District of Connecticut
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street, Annex 135
Hartford, Connecticut 06103

    Re:   *Graduation Solutions LLC v. Acadima, LLC et al.*,
           **D. Conn. Case No. 17-cv-1342 (VLB)**

Dear Judge Bryant:

    I write on behalf of Defendant Alexander Loukaides. While Loukaides' motion to dismiss for lack of personal jurisdiction was pending, and before the Court has ruled on whether it has personal jurisdiction, Plaintiff sought to pursue discovery, including Loukaides' deposition. For that reason, and as the Court directed on May 21, 2018, Loukaides moved for a protective order quashing his deposition until after the Court adjudicates his pending motion to dismiss. (*See* Docket No. 47.)

    In response to Plaintiff's June 13, 2018 letter requesting a telephonic conference concerning discovery (*See* Docket No. 54), I wish to note the following:

    Plaintiff has plead no allegations, let alone established a factual record, that the Court has personal jurisdiction over Loukaides. First, Plaintiff has not alleged that Loukaides actually transacted any business in Connecticut. Instead, Plaintiff grounds its assertion of jurisdiction in a single Internet message and a follow-up email that Loukaides sent to Plaintiff's CEO. (*See* Second Amended Complaint, Docket No. 31 at ¶¶ 46-48.); *Greene v. Sha-Na-Na*, 637 F. Supp. 591, 596 (D. Conn. 1986) ("[I]ndividual defendants' October 15, 1984 telephone call, October 16, 1984 telegram, and October 22, 1984 letter, all directed to the plaintiff in Connecticut, are insufficient to constitute the transacting of business in Connecticut."). And Plaintiff - - a self-described Nevada LLC "with a principal place of business in . . . Greenwich, CT" - - has failed to allege that Loukaides committed any tortious act in Connecticut. *See Robb v. Robb*, 620 F. Supp. 2d 282, 286 (D. Conn. 2009) (granting motion to dismiss for lack of personal jurisdiction

because "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff").

Because Plaintiff cannot make out a *prima facie* case of personal jurisdiction, Plaintiff is not entitled to any discovery, let alone merits-based discovery. *See Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. App'x 52, 56 (2d Cir. 2014) (in dismissing complaint for lack of personal jurisdiction, "[t]he district court correctly held that appellants failed to meet th[eir] burden [of showing their entitlement to jurisdictional discovery], and did not err in declining to allow appellants to fish for additional grounds of jurisdiction that they had not alleged."). And even if Plaintiff could demonstrate a need for jurisdictional discovery, it would be improper to depose Loukaides in Connecticut where he is a United Kingdom national who lives in China, and has no future plans to visit the state. *See Friedman v. SThree PLC.*, 2015 WL 13628133, at *2-3 (D. Conn. July 1, 2015) ("[A]t the jurisdictional discovery phase . . . the presumption that a defendant's deposition will be held in the district of his residence is particularly strong" and "[i]t is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents[.]").

For these reasons, Loukaides respectfully submits that any further discovery-related conferences should await the Court's ruling on his pending motion to dismiss.

Respectfully submitted,

Jeffrey S. Bagnell

cc:   All counsel of record (*via* ECF)