## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRADUATION SOLUTIONS, LLC, | : | |
| Plaintiff, | : | No.: 3:17-cv-01342 (VLB) |
| | : | |
| v. | : | June 21, 2018 |
| | : | |
| ACADIMA, LLC; ALEXANDER | : | |
| LOUKAIDES; | : | |
| Defendants. | : | |

### RULING AND ORDER ON DEFENDANT ALEXANDER LOUKAIDES' MOTION FOR PROTECTIVE ORDER

Plaintiff, Graduation Solutions, LLC, initiated this action against Acadima, LLC ("Acadima") and its principal Defendant Alexander Loukaides ("Mr. Loukaides") asserting the following causes of action; (1) copyright infringement under 17 U.S.C. § 101, *et. seq.*; (2) trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of Connecticut Unfair Trade Practices Act ("CUTPA"); (5) violation of Connecticut's common law prohibition against unfair competition; and (6) unjust enrichment. Before the Court is Mr. Loukaides Motion for Protective Order (the "Motion"). [Dkt. 47]. The Motion requests the Court both quash Plaintiff's notice of deposition of Mr. Loukaides and to adjourn any futures depositions of Mr. Loukaides until after his Motion to Dismiss [Dkt. 36] has been decided. For the following reasons, the Motion is DENIED.

The Motion and its supporting memorandum of law seek relief under Federal Rule of Civil Procedure 26(c)(1) which provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the

1

> **district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . .**

**Fed. R. Civ. P. 26(c)(1). The enumerated protective measures relate to the manner in which the discovery is to be provided and the manner in which discovered information is used.** *Id.* **The enumerated means of affording protection limit but do not prevent discovery from being obtained. The Motion does not seek to limit the information adduced at the noticed deposition or its use; it seeks to preclude the deposition from occurring. Thus, Rule 26 in inapt.**

**Assuming for argument sake that Rule 26 is applicable, the Court interprets Mr. Loukaides' Motion under the standard imposed by that rule. Rule 26 provides for discretionary relief "to circumscribe discovery even of relevant evidence by making any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."** *Jones v. Hirschfeld***, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (citing to** *Herbert v. Lando,* **441 U.S. 153, 177 (1979)) (internal quotations omitted). A court has authority to,** *sua sponte***, stay discovery and limit the scope pursuant to Rule 26(b)(2)(C).** *See* ***Plaintiffs # 1-21 v. Cty. of Suffolk***, **138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015);** *Tucker v. Am. Int'l Grp., Inc.,* **281 F.R.D. 85, 91 (D. Conn. 2012). The movant has the burden of persuasion.** *See Jones,* **219 F.R.D. at 74 (S.D.N.Y. 2003). The movant must demonstrate a "clearly defined and serious injury" to be entitled to such relief.** *Allen v. City of New York***, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006).**

The Motion does not clearly define a serious injury that would entitle Mr. Loukaides to relief, particularly considering the allegations of the complaint.

In addition to failing to meet the substantive burden of persuasion, the motion fails to satisfy Rule 26(c)'s procedural requirements.  A motion submitted pursuant to Rule 26(c) must include a certification "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).  The District of Connecticut Local Rules delineate the contours of this conference requirement.[1] The Motion does not include a certification that satisfies Rule 26 and Local Rule 37(a)'s requirement.  Mr. Loukaides is not entitled to protection under Rule 26 even assuming it does apply.

The Federal Rules of Civil Procedure do provide a vehicle for precluding a deposition from taking place.  Rule 45 permits an officer of the court to issue a subpoena commanding "each person to whom it is directed to attend and testify at a deposition." Fed. R. Civ. P. 45(a)(1)(A)(iii).  Like Rule 26, Rule 45 sets certain

---

[1] The District Court of Connecticut Local Rules requires that,

No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. L. Civ. R. 37(a).

substantive and procedural standards which must be met in order to avail oneself to the benefits accorded by the rule.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; [or] requires a person to comply beyond the geographical limits specified in Rule 45(c). . . ." Fed. R. Civ. P. 45(d)(3)(A)(i)-(ii).   Section 45(c) specifies where a deposition may be conducted:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c) (emphasis added).   "The scope of discovery may be the same under Rules 26 and 45, but the standards for obtaining relief are not identical." *Brown v. Corp.*, No. 3:14-CV-1220-VLB, 2015 WL 5923541, at *1 (D. Conn. Oct. 9, 2015) (citing to *Bates v. Private Jet Commercial Grp.*, Inc., 2012 WL 1660874, at *4 (D.N.H. May 11, 2012)).   Regardless, both forms of motion put the burden of persuasion on the movant.  *See Jones*, 219 F.R.D. at 74–75 (citing to *Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992)).  In the absence of this distinction, the Court addresses both rules.

Rule 45 requires the court to grant relief by quashing or modifying a subpoena requiring a person to comply beyond the geographical limits specified in Rule 45(c).  Fed. R. Civ. P. 45(d)(3)(A).  While Mr. Loukaides failed to cite Rule 45 and therefore the motion may be denied for failure to meet the burden of

persuasion, Mr. Loukaides may have mis-cited the legal authority for his motion. The case he cites references the burden placed on witnesses required to be deposed outside their states of residence, a principle set forth under the 2015 version of Rule 26. *See Friedman v. Three PLC.*, 2015 WL 13628133, at *2-3 (D. Conn. July 1, 2015).

Notwithstanding, the specific reference to Mr. Loukaides' location calls the Court to consider Rule 45 as well. This is because Rule 45 specifically precludes the Court from enforcing subpoenas that are addressed to individuals located more than 100 miles from the court unless the deposition is of a party's officer and is held within the state where the person resides, is employed, or regularly transacts business in person. The complaint alleges Mr. Loukaides is an official of Acadima and thus Rule 45 may be the pertinent rule to which Mr. Loukaides intended to refer.

In reviewing a motion to quash, the court should consider "the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009. The Court will therefore consider whether the subpoena should be quashed applying the procedural and substantive requirements of Rule 45.

First with regards to the procedural requirements, Rule 45 permits a court to quash a subpoena to appear at a deposition only on a timely motion, made in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). "In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." *Brown v. Hendler*, No. 09 CIV. 4486 RLE,

2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011); *see also Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("Although [Rule 45(d)(3)] requires that the motion to quash be timely without defining what "timely" is, it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition.").  In fact, the motion should be filed far enough before the noticed deposition to allow the court to rule on the motion. Otherwise, the rule would effectively give litigants rather than the court the power to quash subpoenas.

Mr. Loukaides Motion states that, "on April 20, 2018, Plaintiff served a notice of deposition seeking to depose Loukaides on May 22, 2018."  ECF No. 47-1, at 1.   Although the subpoena was served more than a month before the scheduled deposition, Mr. Loukaides did not file the motion for a protective order and to quash until the date of the scheduled deposition.  Untimely motions to quash a deposition provide the court with little to no opportunity to consider  the discovery dispute prior to the scheduled deposition.  They raise a question of the legitimacy of the subpoena, effectively forcing without court intervention the cancellation of the subpoena, thus having the effect of an abusive dilatory litigation tactic preemptive of the court's authority.  4 Cyc. of Federal Proc.  § 14:334 (3d ed.) ("While a court will ordinarily excuse a failure to comply with the particularity requirement if it is inadvertent, such is not the case where the failure to comply is the result of calculation, gross negligence, or bad faith."). The Court finds the Motion was not timely and, in the absence of good cause warranting the untimely filing, the subpoena is not entitled to be quashed or                                           modified.                                           In

addition to the procedural deficiencies of the motion, it is also substantively deficient.

The Motion states Mr. Loukaides "is a United Kingdom national who maintains a residence in China and currently has no future plans to visit Connecticut." ECF 47-1, at 3. The Motion does not address the other substantive provisions of the rule governing where a person may be compelled to attend a deposition, namely where he is employed and regularly transacts business.  Nor does it set forth the manner and extent of the burden and the probable negative consequences of compliance.   Thus Mr. Loukaides has failed to meet his burden of showing he is entitled to relief under Rule 45.

Further, the Court is not persuaded that Mr. Loukaides is not subject to deposition even if he is no longer a party to the action and resides outside of this district.  Mr. Loukaides argues, "Plaintiff has failed to make out a prima facie case of personal  jurisdiction," which precludes its ability to conduct "any discovery, even limited jurisdictional discovery."  ECF No. 47-1, at 2.  Federal Rule of Civil Procedure 45 prescribes the manner of compelling depositions of individuals outside the jurisdiction of the court, whether the deponent is a party or not.[2]  Due to Mr. Loukaides' Motion to Dismiss being limited in the sense that it seeks to only remove himself as a party to this lawsuit, any ruling on the Motion to Dismiss will not change Acadima, LLC's status as a defendant or result in a dismissal of this case.  Meaning, the Plaintiff could subpoena Mr. Loukaides as a witness in its action against Acadima, LLC.  "A party may, by oral questions,

---

[2] The parties are directed to Rule 45(c)(1) and, if applicable, Rule 28(b) and 28 U.S.C. § 1783.

depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1).  There may be circumstances under which Loukaides' "attendance may be compelled by subpoena under Rule 45." *Id.*  The Court need not decide the issues of personal jurisdiction or extraterritorial deposition in this ruling.  However, these facts further militate against favorable consideration of a substantively and procedurally deficient motion possibly intended to circumvent the orderly process of this case.

Accordingly, Defendant Alexander Loukaides' Motion for Protective Order is DENIED.  Counsel are ordered to meet and confer in good faith to determine where, when and how Mr. Loukaides deposition may be conducted.

IT IS SO ORDERED.

/s/
_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 21, 2018