## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRADUATION SOLUTIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-1342 (VLB) |
| v. | ) | |
| | ) | |
| ACADIMA, LLC and ALEXANDER | ) | |
| LOUKAIDES, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT LOUKAIDES' MOTION FOR
### EXTENSION OF TIME AND TO REOPEN DISCOVERY

Pursuant to D. Conn. L. Civ. R. 7(b) and 16(b), Defendant Alexander Loukaides, by and through the undersigned counsel, respectfully requests, on a new basis, that this Court extend the deadline for the joint pretrial memorandum and continue the trial of this matter to allow for proposed *pro hac vice* counsel to enter the case as new trial counsel and to fully and adequately prepare for trial and, with the Court's permission, to permit Defendant Loukaides to engage in limited discovery in this matter. The undersigned counsel is filing this motion on behalf of proposed *pro hac vice* counsel.

As set forth below, good cause for this extension exists due to the entry of new lead trial counsel.  In support of this motion, Defendant Loukaides states as follows:

1.      This case is currently set for trial on June 18, 2019. Order, ECF No. 87.

2.      The parties' joint trial memorandum is currently due April 15, 2019. Order, ECF No. 84.

3.      On April 10, 2019, Defendant Loukaides retained the proposed *pro hac vice* counsel to act as lead trial counsel for this case if admitted by this Court.

4.     Mr. Loukaides sought the assistance of the proposed *pro hac vice* counsel because undersigned counsel was never retained to be lead counsel in the case.  Instead, the express agreement between Loukaides and undersigned counsel was that other New York counsel, Grossman LLC, would handle all the substantive work in the case, using undersigned counsel solely as local counsel, and would apply for pro hac vice admission.  That firm ultimately declined to do so after authoring Loukaides' Answer to the Amended Complaint.

5.     Proposed *pro hac vice* counsel is prepared to work diligently and has already began reviewing the case materials, but despite this diligence the proposed *pro hac vice* counsel cannot reasonably meet the current deadline for the joint trial memorandum or be adequately prepared for trial on its currently scheduled date.

6.     Proposed *pro hac vice* counsel is aware that no depositions have been taken of Plaintiff or of Plaintiff's anticipated witnesses by the Grossman firm and that no, or limited, written discovery has been sought from Plaintiffs.  This is a complex civil case, and Defendant Loukaides absolutely needs to undertake certain discovery before he is subjected to a trial in this matter wherein Plaintiff seeks over $1 million.

7.     It is the understanding of the proposed *pro hac vice* counsel that following the deposition of Mr. Loukaides in October 2018, counsel for Plaintiff made statements to undersigned counsel indicating that Plaintiff might not pursue its claims against Mr. Loukaides due to collection issues, and the belief that a successor corporation to Acadima LLC was in existence, and was willing to settle the claims against him.

8.     Proposed *pro hac vice* counsel further understands that by the time Plaintiff indicated a renewed interest in pursuing a judgment against Mr. Loukaides in his individual capacity, which occurred sometime after the deposition of Frank Seviane on January 23, 2019, the

2

undersigned counsel did not have adequate time to pursue meaningful discovery as discovery closed on January 28, 2019, and was not retained to do so in any case.

9.      Importantly, Mr. Loukaides did not seek to supplement his legal representation earlier because, based on discussions between Plaintiff's counsel to the undersigned counsel, he believed Plaintiff would no longer pursue its claims against him.

10.     The requested relief of continuing the trial to January 21, 2020 is consistent with the date this matter would have been tried had any dispositive motions been filed. *See* Order, ECF No. 84.

11.     Because no meaningful discovery has been pursued on behalf of Defendant Loukaides, the proposed *pro hac vice* counsel requests that discovery be reopened and this Court grant Defendant Loukaides through August 30, 2019 to complete discovery.

12.     Mr. Loukaides' new counsel would request an opportunity to depose a corporate representative of the plaintiff, any expert witness Plaintiff intends to call, and any witness Plaintiff intends to call to establish any of the essential elements of its claims.  Further, limited written discovery is absolutely appropriate in a case of this complexity with multiple claims pending and millions of dollars sought in damages by the Plaintiff.

13.     In addition, according to the U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics for the reporting period ending December 31[1], 2018, the median amount of time for a civil case from filing to trial in this District is 35.2 months. This case was filed on August 9, 2017, therefore, the continuance sought in this Motion will result in this case still being tried well within the time frame that civil cases in this District are ordinarily tried.

---

[1] https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2018.pdf

3

*See United States v. Brandon Michael Council*, 2018 WL 7822135, at *1-2 (D.S.C. Oct. 31, 2018) (granting continuance in part because the defendant was able to show that his case was moving faster than the average amount of time in federal capital cases). Indeed, although trial judges "necessarily require a great deal of latitude in scheduling trials," *id.* at *2, an "'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.*

14.     The relief requested in this motion is sought in good faith and is not being sought to delay proceedings, but instead is sought to ensure that Mr. Loukaides has the proper chance to defend himself against claims that are extremely onerous and seek very significant financial remedies.

15.     Proposed *pro hac vice* counsel has inquired with Plaintiff's counsel who indicated that Plaintiff is opposed to the relief requested herein.

16.     This is the first motion for extension of time filed on behalf of the proposed *pro hac vice* counsel with respect to any matters in this case, and it is the second motion for extension of time filed on behalf of Defendant Loukaides with respect to the trial date in this case. The first motion for extension of time was filed by Mr. Loukaides's current counsel before the decision to retain the undersigned counsel was finalized.[2]

17.     This motion for extension of time is being filed at least three days before the first deadline sought to be extended (the April 15 deadline for joint trial memorandum).

---

[2] Proposed *pro hac vice* counsel is aware that the court recently denied the undersigned counsel's motion for extension of time.

Dated: April 11, 2019

Respectfully submitted,

Alex Loukaides

By: _/s/ Jeffrey S. Bagnell_____
Jeffrey S. Bagnell, Esq.
Federal Bar No. CT18983
55 Greens Farms Road, #200-60
Westport, Connecticut 06880
(t) (203) 984-8820
(f) (203) 557-8768
jbagnell@bagnell-law.com


*Attorney for Defendant*
*Alexander Loukaides*