# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| GRADUATION SOLUTIONS LLC, | ) |
| | ) |
| Plaintiff | )      Case No.: 3:17-cv-01342 (VLB) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ACADIMA, LLC and ALEXANDER | ) |
| LOUKAIDES, | ) |
| Defendants. | ) |

## JOINT TRIAL MEMORANDUM

The parties, Plaintiff GRADUATION SOLUTIONS LLC ("Plaintiff"), and Defendant ALEXANDER LOUKAIDES ("Defendant")[1], by and through their undersigned counsel, submits the following Joint Trial Memorandum in compliance with Local Civil Rules of the United States District Court for the District of Connecticut (D. Conn. L. Civ. R.10) and the District's Standing Order Regarding Trial Memoranda in Civil Cases.

(1) **TRIAL COUNSEL**:

**PLAINTIFF'S TRIAL COUNSEL:**

Jonathan B. Nelson, Dorf & Nelson LLP, The International Corporate Center, 555 Theodore Fremd Ave., Rye, NY 10580, phone number: 914-381-7600, fax number: 914-381-7608, jnelson@dorflaw.com

**DEFENDANT'S TRIAL COUNSEL:**

Jeffrey S. Bagnell, Esq. LLC, 55 Greens Farm Road, #200-60, Westport, CT 06680, phone number: 203-286-7936, fax number: 203-276-7936, jeff@bagnell-law.com.[2]

---

[1] A default judgment entered against Defendant Acadima, LLC on October 15, 2018.

[2] Defendant Loukaides has retained counsel, Dowd & Bennet LLP, to represent him at trial. It is anticipated that the firm will be applying for pro hac vice admission and entering an appearance on his behalf.

(2) **JURISDICTION:** This Court has jurisdiction over the subject Copyright claims and Lanham Act claims as set forth herein pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. 1125(a), because this action arises in part under the Copyright Act, 17 U.S.C. § 501, *et seq.*, and under the Lanham Act, 15 U.S.C. 1051, *et seq.* This Court has jurisdiction over the Connecticut State law and common law claims under the doctrine of supplemental jurisdiction.

The Plaintiff is a Nevada Limited Liability Company with a principal place of business located at 200 Pemberwick Road, Greenwich, CT 06831. The Defendant, Acadima, LLC is a Texas Limited Liability Company with a principal place of business located at 14241 Dallas Parkway, Suite 650 Dallas, TX, 75254. The Defendant, Alexander Loukaides is a resident of the United Kingdom who resides in China. Plaintiff contends that personal jurisdiction over Defendants is vested and venue is proper in the United States District Court for the District of Connecticut under: (1) C.G.S.A. §52-59(b)(a)(1) because they transact business within the state and/or (2) C.G.S.A. §52-59(b)(a)(3) because the Defendants committed tortious acts outside the state causing injury to person or property within the state, and each of the Defendants (A) regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. The Defendants moved to dismiss based on lack of personal jurisdiction. The Court denied those motions.

(3) **JURY/NON-JURY:** This case is to be tried before a jury. A Jury Demand was filed by the Plaintiff on August 9, 2017.

(4) **LENGTH OF TRIAL**: Counsel estimates 5 days will be required to present evidence during the trial of this matter. See also Section 8, below, for an estimated time for the testimony of each witness.

(5) **FURTHER PROCEEDINGS**: Counsel does not anticipate any further proceedings will be required prior to trial.

(6) **NATURE OF CASE**:

**PLAINTIFF'S NATURE OF CASE**:

Plaintiff is a leader in the design, marketing, and sale of premium graduation apparel and accessories. Graduation Solutions' products are recognized and sold through Graduations Solutions' online store. At a substantial cost, Plaintiff created the Graduation Solutions website ("Plaintiff's Website") to promote and sell its goods. As set forth in detail in its Amended Complaint, the GS Website contains original works of authorship, including, without limitation, its graphic designs, photographs, content, copy and website design have been registered with the United States Copyright Office.

Defendant Loukaides owns and operates the website that is located at https://Acadima.com, (the "Acadima Website"), as well as a number of other similar infringing websites, including www.gradshop.com, www.graduationcapandgown.com, www.graduationapparel.com, www.gradgown.com ("Defendant's Websites). Defendant Loukaides, as founder, is the dominant and active force behind Defendant Acadima and Defendant's websites, which offers apparel and accessories for graduations in the same manner as Plaintiff. Defendant Loukaides is identified as the registrant contact, the administrative contact, and the technical contact for the Acadima Website. As demonstrated by the side-by-side screen shots of content and language therein, Defendant Loukaides intentionally copied the original works of authorship from Plaintiff's Website, including *inter alia* content, copy, design, photographs, in order to unfairly compete with Plaintiff, and profit off Plaintiff's effort and goodwill. In many instances Defendant Loukaides copied Plaintiff's website verbatim.

Additionally, the Complaint alleges Defendant intentionally and knowingly engaged in this wrongful conduct. Defendant Loukaides had contacted Mr. Gordon, the Chief Executive Officer for Plaintiff, were specifically to discuss their mutual business of selling graduation gowns and other school regalia through their respective websites. Incredibly, in one email to Mr. Gordon, Defendant Loukaides suggested that they join forces to create a "site similar to [a competitor's website] so we can complete on pricing" in order to close down or interfere with the competitor's business. This email is critical proof of Defendant Loukaides' intent to copy competitor websites in order to unfairly compete against them.

Based on this, Plaintiff asserts claims in this an action for: (1) copyright infringement under 17 U.S.C. § 101, et. seq.; (2) trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); (5) violation of Connecticut's common law prohibition against unfair competition; and (6) unjust enrichment. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, costs, and attorneys' fees.

### DEFENDANT'S NATURE OF CASE:

Defendant Loukaides denies the allegations and has set forth affirmative defenses to the Claims. Defendant asserts that contemporaneous documentation shows Loukaides was not responsible for filling in the content of the Acadima.com website; instead, that was the responsibility of the subsequent owner of Acadima LLC, Frank Seviane. The latter was in charge of all content of the acadima.com site. Defendant further contends that the acadima.com website was launched when Seviane was the owner of Acadima LLC. Seviane purchased Acadima LLC from Loukaides for $10,000 and the company shortly thereafter filed for bankruptcy. Loukadies further contends that the other sites at issue were created by Directline Distributing, a company that Loukaides neither worked for nor profited from.

(7) **TRIAL BY MAGISTRATE JUDGE**: The parties have not agreed to a trial before a magistrate judge.

(8) **EVIDENCE:**

(a) **PLAINTIFF'S WITNESSES:**

(1) Matthew Gordon, *President & CEO,* GraduationSource, c/o Dorf & Nelson, 555 Theodore Fremd Ave., Rye New York, 10580. This witness is expected to testify with regard to Plaintiff's ownership of the subject intellectual property, Defendants' violation of Plaintiffs' intellectual property rights, and Plaintiff's resulting damages. The estimated duration of this witness's testimony is 4 hours.

(2) Jesse Rothschild, GraduationSource, c/o Dorf & Nelson, 555 Theodore Fremd Ave., Rye New York, 10580. This witness may be called to testify, if the need arises, regarding Plaintiff's ownership of the subject intellectual property, Defendants' violation of Plaintiffs' intellectual property rights, and Plaintiff's resulting damages. The estimated duration of this witness's testimony is 1-2 hours.

(3) Kristoff Albanese, *Director, eCommerce*, GraduationSource, c/o Dorf & Nelson, 555 Theodore Fremd Ave., Rye New York, 10580. This witness may be called to testify, if the need arises, regarding Plaintiff's ownership of the subject intellectual property, Defendants' violation of Plaintiffs' intellectual property rights, and Plaintiff's resulting damages. The estimated duration of this witness's testimony is 1-2 hours.

(4) Joann Kovel, GraduationSource, c/o Dorf & Nelson, 555 Theodore Fremd Ave., Rye New York, 10580. This witness may be called to testify, if the need arises, regarding Plaintiff's ownership of the subject intellectual property, Defendants' violation of Plaintiffs' intellectual property rights, and Plaintiff's resulting damages. The estimated duration of this witness's testimony is 1-2 hours.

(5)  Alexander Loukaides, c/o, Jeffrey S. Bagnell, Esq., LLC, 55 Greens Farms Rd #200-60, Westport, CT 06880.  Plaintiff expects to call Defendant Alexander Loukaides to testify regarding the creation, ownership and dominion of Defendants' violative websites, and other encroachment on Plaintiff's intellectual property rights, as well as the revenue earned from said violative websites. The estimated duration of this witness's testimony is 2 hours.  Plaintiff also reserves its right to introduce the deposition testimony of this witness, as designated below.

(6) Frank Seviane, 7700 Windrose Level Three, Plano, TX 75024.  Plaintiff expects to call this witness to testify regarding the creation, ownership and dominion of Defendants' violative websites, and other encroachment on Plaintiff's intellectual property rights, as well as the revenue earned from said violative websites.   The estimated duration of this witness's testimony is 2 hours.  If this witness is unavailable for trial, Plaintiff also reserves its right to introduce the deposition testimony of this witness, as designated below.

(7)   Representative of Domains by Proxy LLC, 14455 North Hayden Road, Scottsdale, Arizona.   Plaintiff may call this witness to authenticate its business records and verify the creation, ownership and dominion of Defendants' violative websites.  The estimated duration of this witness's testimony is 1 hour, and/or their records.

(8)   Representative of Whois Digital Pte Ltd, 9A Jasmine Road, Singapore, 576582, c/o dnsadmin@whois.com. Plaintiff may call this witness to authenticate its business records and verify the creation, ownership and dominion of Defendants' violative websites.  The estimated duration of this witness's testimony is 1 hour, and/or their records.

(9)   Expert Witness Antonio L. Argiz, Chairman *CPA/ABV/CFF/CGMA, ASA, CVA, CFE, Morrison, Brown, Argiz & Farra, LLC*, 1450 Brickell Avenue, 18th Floor, Miami, Fl 33131.  Plaintiff expects to call this expert witness to proffer testimony and provide an opinion regarding Plaintiff's

damages sustained from Defendant's conduct. This witness is a valuation expert, as further described in the Expert Report ("Expert Report") annexed hereto as <u>Exhibit 1</u>. This witness's opinion, as well as the basis for said opinion is contained in the annexed Expert Report. A list of materials on which this witness intends to rely is also included in the annexed Expert Report. This witness's curriculum vitae is included in the annexed Expert Report.

**DEFENDANTS' WITNESSES:**

Defendant identifies the same witnesses as Plaintiff *supra*.

(b) **EXHIBITS:**

Plaintiff's Exhibit List is annexed hereto in <u>Schedule A</u>. Defendants' Exhibits List is annexed hereto in <u>Schedule B</u>. As required, the parties have exchanged exhibits prior to the submission of this Joint Memorandum, and also are submitting two (2) sets of all exhibits herewith pursuant to Local Civil Rule 83(6)(b).

Plaintiff objects to the admissibility and use of Defendants' Exhibits B through U on the grounds that they were not timely produced to Plaintiff pursuant to Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b) which requires the exchange of exhibits seven (7) days prior to the due date for submission of the pre-trial order. In addition, Plaintiff objects to the individual Exhibits as specified below. Plaintiff's specific objections to Defendant's Exhibits, in addition to the above, are also specifically noted in <u>Schedule F.</u>

(c) **DEPOSITION TESTIMONY:**

Plaintiff may introduce the transcripts of the deposition testimony for the following individuals: (1) Frank Seviane, (2) Alexander Loukaides. These transcripts are annexed hereto as <u>Exhibit 2.</u>

From the deposition testimony of Frank Seviane, Plaintiff designates the following pages and lines which may be read into evidence: 13:4-15:3; 16:15-19:11; 23:4-16; 24:21-25:22; 26:7-25; 27:18-29-16; 29:25-31:1; 32:4-18; 33:1-15; 34:2-18; 35:7-36:12; 36:25-38:9; 42:12-43:1, 43:8-22; 44:5-23; 45:18-46:22; 47:17-25; 48:7-21; 49:4-50:25; 51:1-52:25; 53:12-55:1; 57:22-58:25; 60:11-24; 61:12-15; 61:22-66:5; 66:6-68:11; 76:18-80:24; 83:4-24; 83:25-88:17; 90:6-91:24; 93:3-11; 93:22-95:7; 97:12-21; 98:12-99:16; 100:3-102:20; 102:24-104:16; 123:20-124:16.

From the deposition testimony of Alexander Loukaides, Plaintiff designates the following pages and lines which may be read into evidence: 7:17-8:6.

Plaintiff also reserves the right to use portions of the above referenced deposition transcripts for impeachment purposes.

(9)     **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

(a)     **STATEMENT OF UNCONTROVERTED FACTS:**

Plaintiff's principal place of business is located at 200 Pemberwick Road, Greenwich, CT, 06831. Plaintiff designs and sells graduation apparel through its online store via its website located at https://Graduationsource.com.   Plaintiff owns and operates its website, through either itself or its predecessor, and owned the domain name since 2005. Plaintiff's website contains works of authorship which are protected under the copyright laws of the United States, including, without limitation, its graphic design, content, photographs, and layout.  Plaintiff registered these original works of authority with the United States Copyright Office, and received copyright registrations bearing numbers TXU 2-026-975 and TXu1-374-011.  Plaintiff's copyrighted material, as it was submitted to the United States Copyright Office, is contained in Plaintiff's Exhibit 7.

Defendant Loukaides officially formed Defendant Acadima in 2015, but began operations prior to that date. According to filings on the Texas Secretary of State's database, Loukaides was the "Owner" of Acadima, during the relevant time period, and while the alleged infringement took place. In this case, Plaintiff already obtained a judgment on default against Defendant Acadima.

**(b)** **STATEMENT OF CONTESTED ISSUES:**

Plaintiff has already obtained a judgment of default against Defendant Acadima. As such, the issues left to be determined are whether Defendant Loukaides is liable for the infringement asserted herein, and the amount of damages which should be awarded to Plaintiff. In determining liability as against Defendant Loukaides, the primary contested issue is whether Defendant Loukaides was the registrant, creator and owner, during the time period wherein the infringement took place. Plaintiff asserts, based on clear documentary evidence from third party sources, contained in the accompanying exhibits, that Defendant Loukaides was and is the registrant, creator and owner of the infringing websites, and, as such, is liable for the infringement therein.

**(c)** **ADDITIONAL MATERIAL FOR JURY TRIAL:**

**PROPOSED VOIR DIRE QUESTIONS**: Plaintiff's proposed voir dire questions are annexed in <u>Schedule C</u>. Defendant has no objection to the proposed voir dire questions.

**PROPOSED JURY INSTRUCTIONS**: Plaintiff's proposed jury instructions are annexed in <u>Schedule E</u>. Defendant has no objection to the Plaintiff's proposed instructions.

**PROPOSED JOINT VERDICT FORM:** The Joint Proposed Jury Verdict Form is annexed hereto in <u>Schedule D</u>.

**BRIEF DESCRIPTION OF CASE AND PARTIES**:

Plaintiff is a leader in the design, marketing, and sale of premium graduation apparel and accessories. Plaintiff designs and sells graduation apparel through its online store via its website

located at https://Graduationsource.com.   Plaintiff's website contains original works of authorship which are protected under the copyright laws of the United States, including, without limitation, its graphic design, content, photographs, and layout.  Plaintiff registered these original works of authority with the United States Copyright Office, and received copyright registrations bearing numbers TXU 2-026-975 and TXu1-374-011.  Plaintiff's copyrighted material, as it was submitted to the United States Copyright Office, is contained in Plaintiff's Exhibit 7.

Plaintiff brought this suit against, Defendants, who are business competitors of Plaintiff, based on their creation, maintenance and generation of revenue from websites which were either copies of or substantial similar to Plaintiff's website.   Defendants' websites include https://Acadima.com, www.gradshop.com, www.graduationcapandgown.com, www.graduationapparel.com, and www.gradgown.com  ("Defendants' Websites).   Plaintiff asserts, as demonstrated by the side-by-side screen shots of content and language therein, Defendant intentionally copied the original works of authorship from Plaintiff's Website, including *inter alia* content, copy, design, photographs, in order to unfairly compete with Plaintiff, and profit off Plaintiff's effort and goodwill.  In many instances, Plaintiff asserts that Defendants copied Plaintiff's website verbatim.   Per documentary evidence designed in the attached schedule of exhibits, Plaintiff asserts that Defendant Loukaides is identified as the registrant and contact for Defendants' Websites.

Based on this, Plaintiff asserts claims in this is an action for: (1) copyright infringement under 17 U.S.C. § 101, et. seq.; (2) trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); (5) violation of Connecticut's common law prohibition against unfair competition; and (6) unjust enrichment. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, costs, and attorneys' fees.  Plaintiff has already obtained a

judgment on default against Defendant Acadima. Plaintiff submits herewith, and intends to submit at trial, an expert report detailing the damages sustained by Plaintiff.

(10) **ANTICIPATED EVIDENTIARY PROBLEMS:** Other than the objections to Defendant's Exhibits noted above, and in the accompanying Schedule F, there are no additional evidentiary issues at this time.

Dated: April 12, 2019

**GRADUATION SOLUTIONS LLC**

By: ____/s/ Jonathan B. Nelson_____
Jonathan B. Nelson, Esq. (ct30469)
Dorf & Nelson LLP
555 Theodore Fremd Avenue
Rye, NY 10580
Phone: (914) 381-7600
Fax: (914) 381-7608
jnelson@dorflaw.com

Monte E. Frank (ct13666)
Pullman & Comley LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
T: (203)330-2240
F: (203) 576-8888
mfrank@pullcom.com

**ALEX LOUKAIDES**

By:____/s/ Jeffrey S. Bagnell_____
Jeffrey S. Bagnell (ct19893)
55 Greens Farms Road, 200-60
Westport, Connecticut 06880
T: (203) 984-8820
F: (203) 557-8769
jbagnell@bagnell-law.com

## SCHEDULE A
### Plaintiff's Exhibit List

**Exhibit 1**: Copy of Plaintiff's Copyright Registration bearing registration number TXu 2-026-975

**Exhibit 2**: Copy of Plaintiff's Supplement Copyright Registration bearing registration number TXu1-374-011 for its website.

**Exhibit 3**: Copy of Plaintiff's Copyright Registration bearing registration number TXu 2-024-279 for its website code.

**Exhibit 4**: Confirmatory Assignment of Copyrights of Photographs for Plaintiff's Website from 2012.

**Exhibit 5**: Confirmatory Assignment of Copyrights of Photographs for Plaintiff's Website from 2017.

**Exhibit 6:** Plaintiff's website code.

**Exhibit 7:** Plaintiff's complete website, www.graduationsource.com, as submitted to Copyright Office.

**Exhibit 8**: Copy of SSL Certificate of registration and ownership for www.acadima.com

**Exhibit 9:** Copy of SSL Certificate of registration and ownership for www.graduationcapandgown.com

**Exhibit 10:** Copy of SSL Certificate of registration and ownership for www.gradshop.com

**Exhibit 11**: Copy of SSL Certificate of registration and ownership for www.graduationapparel.com

**Exhibit 12**: Copy of SSL Certificate of registration and ownership for www.gradgown.com

**Exhibit 13**: Copy of domain and registrant information from Whois.com for www.acadima.com

**Exhibit 14:** Copy of domain and registrant information from Whois.com for www.graduationcapandgown.com

**Exhibit 15**: Copy of domain and registrant information from Whois.com for www.graduationapparel.com

**Exhibit 16**: Copy of domain and registrant information from Whois.com for www.gradshop.com

**Exhibit 17**: Copy of domain and registrant information from Whois.com for www.gradgown.com.

**Exhibit 18:** Trial Subpoena to Whois.com, with reservation to add documents produced by Whois.com pursuant to said subpoena.

Exhibit 19:  Trial Subpoena to Domains by Proxy, with reservation to add documents produced by Whois.com pursuant to said subpoena.

Exhibits 20-55:   Plaintiff's Website Screenshot.

Exhibits 56-72:   Screenshots from Defendant's website, www.acadima.com

Exhibits 73- 90:  Demonstrative Exhibits – Comparison s of Screenshots of Plaintiff's and Defendant's Webpages.

Exhibit 91 - Screenshot from Defendant's website, www.graduationapparel.com

Exhibit 92 – Comparison of Plaintiff's Site with www.graduationapparel.com

Exhibits 93 - 104:  Screenshots from Defendant's website, www.gradshop.com

Exhibit 105 & 106 – Comparison of Plaintiff's Site with www.gradshop.com .

Exhibit 107 -:  Deposition transcript of Frank Seviane

Exhibit 108-:  Deposition Transcript of Alexander Loukaides

Exhibit 109 - Expert Report of Antonio L. Argiz from Morrison, Brown, Argiz & Farra, LLC

Exhibit -110:  Documentation relied upon by the expert in determining damages.

Exhibit A:    July 5, 2016 emails between Elizabeth Barwick and Frank Seviane.

Exhibit B:    SS-4 Application for Employer Identification Number of Hangzhou Yullex Co.

Exhibit C:    Yu Lan paystub detail dated 4/1/2016

Exhibit D:    Distributorship and Operation Agreement dated November 1, 2011

Exhibit E:    Robeson County chck to Gradshop dated April 25, 2016

Exhibit F:    2014 Worldwide Income document

Exhibit G:    Actual Quantity (Accessories) document

Exhibit H:    All Inventory Quantity (Deluxe Go) document

Exhibit I:    gradshop.com who.is document

Exhibit J:    graduationcapandgown.com who.is document

Exhibit K:    gradgown.com who.is document

Exhibit L:    text messages between Kristoff Albanese and Alex Loukaides

Exhibit M:    October 18, 2009 DomainPeople, Inc. who.is printout document

Exhibit N:    July 6, 2013 email from Bruce Allen to sales@yullex.com

Exhibit O:    February 20, 2013 email from Jesse Alexander to Lan Yu

Exhibit P:    Goods and services descriptions for Graduation Solutions, TeamUniformsUSA, Teamuniforms, Gordon Group, Avanti Systems, Solare and Elite

Exhibit Q:    Rad, LLC registrant document

Exhibit R:    Gordon International trademark information

Exhibit S:    Andrea Weinstein linkedin profile

Exhibit T:    GraduationSource trademark information

Exhibit U:    eKomi document re Graduationsource.com

Defendant reserves the right to introduce any all exhibits identified by the Plaintiff.

Plaintiff interposes objections herein to a number of Defendants' exhibits. Those objections are delineated in Schedule F below, as well as in Section 8(b) in the above pre-trial memorandum.

## <u>SCHEDULE C</u>

<u>Proposed Joint Voir Dire Questions</u>

- Please state your current occupation:
  - How long have you been so employed?
  - What were your previous occupations, if any?
- Have you ever owned a business?
  - If so, what kind of business?
  - For how long, how many years, did you own it?
  - If so, how many employees?
- Please give us the following information about your family:
- If you are married what is your spouse's current occupation?
  - If you have children?
  - How many
  - What ages?
  - What are their occupations, if any?
- Are there any other adults living in you household?
  - If so, how are they related to you, and what is their age and occupation?
- During the past five years, have any of you served on a jury or been excluded from a jury in the last five year?
  - If yes, was it a civil or a criminal case?
    - If civil, what, in general, was the case about?
  - If yes, and you served, without telling me the outcome, or who won, please tell me whether or not the jury reached a verdict.
  - If yes, and you served, were you ever the foreperson?
  - If yes, will you be able to put aside your prior jury experience as you sit in this case, to ignore completely anything you learned about the law or evidence in those cases, and decide this case solely on the basis of the evidence that I admit during this trial and on the law as I instruct you in it?
- What do you think are the most important qualities a juror should have?
- There is a substantial difference between the burden of proof in a criminal trial and the burden of proof in a civil trial. In a criminal trial, the prosecution must prove all the essential facts beyond a reasonable doubt. In a civil trial such as this one, by contrast, the burden of proof is less demanding. To win a civil case, plaintiff generally must prove the essential facts only by a preponderance of the evidence. Preponderance of the evidence means that after the jury takes into account the evidence the defendants have presented, the jury concludes that the essential facts are more likely true than not true. Do any of you think you would have any difficulty in applying the preponderance of the evidence standard in this civil action?
- Have you, or has anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to any lawsuit, civil or criminal? If so, please raise your hand.
  - If so, who (you or a family member) was the party to the case?
  - Was the person a plaintiff or a defendant?
  - What was the nature of the case?
  - Was it tried by jury? Outcome?

- Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence I admit during this trial and the law as I instruct you in it?
- Have any of you ever been a witness in state or federal court in any lawsuit, civil or criminal?
    - Did you testify for the plaintiff or the defendant?
    - What was the nature of the case?
- Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence I admit during this trial and the law as I instruct you in it?

- Have you, or has anyone in your immediate family, attended law school or had any other training in the law?
- If so, will you put whatever knowledge of the law you may have acquired before today out of your mind during this trial, and will you promise to apply only those legal principles in which I instruct you?
- Do any of you have any specific feelings or opinions about lawsuits, lawyers or the parties who bring lawsuits, either positive or negative?
- Do any of you have any personal objection to lawsuits that seek monetary compensation for injuries and damages suffered?
- Do you have any specific feelings about the size of jury awards?
- Do any of you have any reluctance about serving as a juror?
- Is there anyone who would feel any reluctance in joining the discussion with the members of the jury during deliberations?
- Would any of you feel offended if other members of the jury disagreed with your view of the evidence?
- It is your duty as a juror to listen to the opinions and points of view of the other members of the jury.
- Would any of you be unwilling to listen to a fellow juror who disagreed with you?
- It is also your duty as a juror to express your opinion or point of view regarding the evidence to the other members of the jury. Is there anyone who would be unwilling to speak up and try to persuade other members of the jury who disagreed with your view of the evidence?
- Is there anyone who would be unwilling to change an opinion if, after listening to the arguments of the other members of the jury, you were persuaded that your opinion was wrong?
- If you are selected to sit as a juror, will you be able and willing to render a verdict solely on the evidence presented at the trial and the law as I instruct you and not based upon your emotions, or any preconceived notions about the facts or the law in this case?
- As a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide whether to believe or reject all or part of a witness's testimony or who is telling the truth. Is this something you feel you can do?
- Can you think of any experience in your life or any other matter which occurs to you now that you think you should bring to my attention because it may have some bearing on your ability to be fair as a juror in this case?
- From what you have heard about this case thus far, is there anything that causes any of you to believe that you cannot be fair and impartial as a juror in this case?

- Is there anything which has happened here this morning which any of you think may affect your ability to be fair and impartial to the parties that you have not told us about up to now?
- Do you have any bias or prejudice, for or against, any of the parties or attorneys in this case?
- Is there any reason at all why you can't be absolutely fair to the plaintiff in this case?
- Is there any reason at all why you can't be absolutely fair to the defendant in this case?
- Having heard all the questions put to you, do you know of any reason why you could not sit on this jury and render a fair verdict based on the evidence presented and the legal instructions I give you?
- You have been given lists of lawyers and witnesses. Are any of you related to, or personally acquainted with, any of the lawyers or witnesses?

- Plaintiff in this case is seeking punitive damages. Punitive damages are designed to punish a party and deter future similar conduct. Do any of you have an opinion on whether it is appropriate for a jury to punish parties for wrongdoing by awarding punitive damages?
- Would any of you have any difficulty in following the courts instructions with respect to awarding punitive damages if the evidence were to justify such an award?

- Do you have a home computer?
  - If yes, how many?
- Do you use a computer daily for business?
- How many hours per day do you spend on the internet?
  - Is the time you spend primarily for personal use or business?
- What websites do you most frequently visit?
- Do you regularly visit any internet news sites or blogs? If so, please state:
  - What sites or blogs?
  - How long have you read or contributed to the sites or blogs?
  - The nature and extent of your interest in the sites or blogs?
- Do you regularly visit any special interest internet sites or blogs? If so, please state:
  - What sites or blogs?
  - How long have you read or contributed to the sites or blogs?
  - The nature and extent of your interest in the sites or blogs?
- Do you regularly watch any television/cable programs or series? If so, please state:
  - The name of the program or programs.
  - The nature and extent of your interest in the program or programs.
- Do you regularly listen to any to any radio program or programs? If so, please state:
  - The name of the program or programs.
  - The host of the program or programs.
  - The nature and extent of your interest in the program or programs.
- What type of movies do you prefer?
- Do you currently subscribe or have you ever subscribed to any newspaper, magazine or other written publication? If so, please state:
  - What magazine or publication?
  - How long have you had or did you have the subscription?
  - The nature and extent of your interest in the magazine or publication.

- What are your spare time activities, hobbies, and vacation interests?
- What are your spouse's spare time activities, hobbies, and vacation interests?
- What are your children's spare time activities, hobbies, and vacation interests?
- Do you belong to any clubs or organizations?

- Have you ever created a website, or had someone create a website on your behalf?
  - If so, how many times?
  - When?
  - For what purpose?
  - Is that website still operational?
  - What company or companies do you use to host and maintain the website?
  - Do you have the knowledge and ability to create or design a website yourself?
- Have you ever registered a domain name?
  - If yes, how many?
  - When?
  - For what purpose?
  - Did you use the domain name to create a website? If not, why?
- Have you ever sold any products or services using the internet, through any website, including third party sites such as Amazon, Ebay, Etsy, etc?
- Have you ever posted any product or service reviews on the Internet?
  - How many times have you posted?
  - On which website?
  - For what product?
- Do you have any experience with online advertising?
- Have you ever applied for a patent, copyright or trademark with the US Patent & Trademark Office?
  - If so, please explain what it was for, whether or not it was granted, and when it was.
  - Do you currently own said patent, copyright or trademark? If no, why not?
- Have any of you ever been accused of infringing someone else's copyright or trademark?
- Some people may think all information which is on the internet is "up for grabs" so to speak, and can be copied and shared freely. Others may favor strong protection for privacy and for the rights of the creator. What do you think?

# SCHEDULE D

## Proposed Joint Jury Verdict Form

**As for and regarding Defendant Acadima**:

On Plaintiff's First Cause of Action for COPYRIGHT INFRINGEMENT, a Judgment on default has already been issued as against Defendant Acadima.

On Plaintiff's Second Cause of Action for TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER LANHAM ACT, a Judgment on default has already been issued as against Defendant Acadima.

On Plaintiff's Third Cause of Action for FALSE ADVERTISING UNDER LANHAM ACT, a Judgment on default has already been issued as against Defendant Acadima.

On Plaintiff's Fourth Cause of Action for VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT, a Judgment on default has already been issued as against Defendant Acadima.

On Plaintiff's Fifth Cause of Action for VIOLATION OF CONNECTICUT COMMON LAW OF UNFAIR COMPETITION, a Judgment on default has already been issued as against Defendant Acadima.

On Plaintiff's Sixth Cause of Action for UNJUST ENRICHMENT, a Judgment on default has already been issued as against Defendant Acadima.

Based on a finding of liability of Defendant Acadima, we the jury award damages to Plaintiff in the amount of $_____.

In addition, we the jury award Plaintiff the following additional relief (check all that apply):

_____punitive damages should be awarded in the amount of $_____.
_____an injunction enjoining and restraining Defendant, as well as all its agents, representative, servants, employees, attorneys, successors and assigns, enjoining and restraining from copying, posting, or making any other infringing use or distribution of any of Plaintiff's protected materials and they must take down all webpages that contain or were derived from any of Plaintiff's copyrighted work including the websites: www.Acadima.com, www.gradshop.com, www.graduationcapandgown.com, www.graduationapparel.com, www.gradgown.com

Dated: _____

Signed:_____

Presiding JurorAfter /all verdict forms have been signed, notify the clerk/bailiff or court attendant that you are ready to present your verdict in the courtroom.

_____

Proposed Joint Jury Verdict Form

**As for and regarding Defendant Loukaides**:

On Plaintiff's First Cause of Action for COPYRIGHT INFRINGEMENT, please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury find in favor of Defendant Loukaides

On Plaintiff's Second Cause of Action for TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER LANHAM ACT, please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury in favor of Defendant Loukaides

On Plaintiff's Third Cause of Action for FALSE ADVERTISING UNDER LANHAM ACT please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury in favor of Defendant Loukaides

On Plaintiff's Fourth Cause of Action for VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT, please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury in favor of Defendant Loukaides

On Plaintiff's Fifth Cause of Action for VIOLATION OF CONNECTICUT COMMON LAW OF UNFAIR COMPETITION, please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury in favor of Defendant Loukaides

On Plaintiff's Sixth Cause of Action for UNJUST ENRICHMENT, a Judgment on default has already been issued as against Defendant Acadima.  please check one of the following:

_____ we the jury find in favor of Plaintiff

_____ we the jury in favor of Defendant Loukaides

Based on a finding of liability of Defendant Loukaides, we the jury award damages to Plaintiff in the amount of $_____.

In addition, we the jury award Plaintiff the following additional relief (check all that apply):

_____punitive damages in the amount of $_____.

_____an injunction enjoining and restraining Defendant, as well as all its   agents, representative, servants, employees, attorneys, successors and assigns, enjoining and restraining from copying, posting, or making any other infringing use or distribution of any of Plaintiff's protected materials and they must take down all webpages that contain or were derived from any of Plaintiff's copyrighted work including the websites:

www.Acadima.com,     www.gradshop.com,     www.graduationcapandgown.com,
www.graduationapparel.com, www.gradgown.com

Dated: _____

Signed:_____
          Presiding Juror


After /all verdict forms have been signed, notify the clerk/bailiff or court attendant that you are ready to present your verdict in the courtroom.

# **SCHEDULE E**

Plaintiff's Proposed Jury Instructions.

## **SCHEDULE F**

### **Objections to Exhibits**

Plaintiff objects to Defendants' Exhibits on the following grounds:

Exhibit A:

    (1) Pursuant to Federal Rule of Evidence ("FRE") Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

    (3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

The Remaining Exhibits were not produced timely pursuant to Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b). Further, Exhibits were not labeled by letter when produced, which required Plaintiff to have to match up, through guesswork, Defendants' Exhibits with Defendants' Exhibits list.

Exhibit B:

    (1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

    (3) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit C:

    (1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit D:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit E:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit F:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit G:

    (1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

    (3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

    (4) Pursuant to Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit H:

    (1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

    (3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

    (4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit I:

    (1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

    (2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

    (3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

    (4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit J:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit K:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit L:

(1) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(2) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(3) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit M:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(5) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit N:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq.*, as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit O:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq.*, as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit P:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq.*, as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(3) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit Q:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq.*, as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(4) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(5) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit R:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq.*, as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(4) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(5) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit S:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(3) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(4) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit T:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(4) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(5) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.

Exhibit U:

(1) Pursuant to FRE Article IX, including Rule 901, *et. seq*., as Defendant has not identified any witness who will be able to authenticate said Exhibit.

(2) Pursuant to FRE Article X, as said Exhibit does not comply with requirements for submission of a copy.

(3) Pursuant to FRE Article IV, including 401, 402, and 403, as this Exhibit does not meet the requirements for relevance and has limited or no probative value.

(4) Pursuant to FRE Article VIII, as it contains inadmissible hearsay.

(5) Pursuant to this Court's Second Amended Scheduling Order (ECF 84) and Joint Trial Memorandum Order for the Honorable Vanessa L. Bryant Section 8(b), as this exhibit was not timely produced.