UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GRADUATION SOLUTIONS LLC,** <br><br> **Plaintiff** <br><br> v. <br><br> **ACADIMA, LLC and ALEXANDER LOUKAIDES,** <br><br> **Defendants** | No.: 3:17-cv-01342 (VLB) |

**PLAINTIFF'S OBJECTION TO THE MOTIONS**
**FOR ADMISSION OF COUNSEL PRO HAC VICE**

Pursuant to L. Civ. R. 83.1(d) Plaintiff Graduation Solutions LLC ("Plaintiff") opposes the motions for (i) Admission Of Adam J. Simon, Pro Hac Vice and (ii) Admission Of Matthew E. Johnson, Pro Hac Vice.

In support of this opposition, Plaintiff states the following:

1. Plaintiff opposes the admissions of Adam J. Simon and Matthew E. Johnson *Pro Hac Vice* (ECF Docs. 101 and 102) as Counsel's motion assures this Court that admission "will not require modification of any existing schedule orders or deadlines". This statement in both applications is clearly inaccurate.

2. In footnote number one of both motions, Attorney Bagnell advises that "<u>If admitted</u>, [*pro hac vice* counsel] intends to file a motion for extension of time to extend the date for the joint pretrial memorandum and to continue

1

the trial date … the purpose of that extension would be to allow for additional discovery and to allow [*pro hac vice* counsel] to get fully up to speed…" (ECF Doc 101, fn 1 and ECF Doc 102, fn 1)(emphasis supplied).

3. The dates for discovery, the deadline for the joint pretrial memorandum and the trial date are clearly set forth in longstanding orders of the Court. In this regard, any modification of the dates would certainly necessitate the "modification of any existing schedule orders or deadlines".

4. Moreover, the Order of this Court on January 28, 2019 clearly states: "No further discovery extensions will be granted." (ECF Doc. 86).

5. Accordingly, as the applications contain a materially inaccurate statement, both motions to admit attorneys *pro hac vice* should be denied. Moreover, there has been no showing of good cause why the Defendant waited until the eve of trial to retain new out of state counsel. Prior out of state counsel, Brian Lehman (ECF Doc. 66), decided not to appear *pro hac vice* on June 29, 2018.

6. Curiously, Defendant does not acknowledge that the Joint Pretrial Memorandum was filed on April 12, 2019 (ECF Doc. 100) nor that Defendant has filed two (2) prior motions to extend the above-referenced deadlines (ECF Doc. 89 and ECF Doc. 94) with the first being denied by this Court and the second having been withdrawn.

7. Candidly, Plaintiff is wary of the instant *pro hac vice* motions as it is respectfully submitted that these last minute applications are just another

game Defendant is playing to try to delay the commencement of trial, and allow him more time to further dissipate assets.

8. With regard to the Joint Pre Trial Memorandum, as stated above, same was <u>jointly</u> filed on April 12, 2019 (ECF Doc. 100). As this Court is aware, completion of Joint Trial Memorandum is a time consuming endeavor. Plaintiff has been working diligently for the last month to complete same and has accomplished the task. It was sent to Defendant's Counsel at every step and was ultimately approved in *toto* for filing in writing by Attorney Bagnell.

9. Plaintiff further notes that new counsel was apparently retained days ago with full understanding the Joint Trial Memorandum was due on Monday, that trial is approaching, and that the Court denied Defendant's Motion for Extension. Additionally, Attorney Bagnell advised Plaintiff's Counsel that he was working with *pro hac vice* counsel on the Joint Trial Memorandum.

10. If *pro hac vice* counsel were permitted to renege on the agreement of Attorney Bagnell and submit supplements, addenda and/or modifications, it would be severely prejudicial to Plaintiff and would serve to defeat the purpose of the Joint Pre Trial Memorandum. <u>See</u> <u>Napolitano v. Compania Sud Americana De Vapores</u>, 421 F.2d 382 (2nd Cir. 1970). It also demonstrates a clear intent to end run existing orders of the Court. It is telling that Attorney Bagnell withdrew his most recent motion for an extension. So, the game apparently now is to work to get *pro hac vice* counsel into the case and have them renew the motion for extension.

11. The prospective application to adjourn the trial date to permit further discovery is also very concerning to Plaintiff.

12. Plaintiff has diligently conducted discovery during the course of this matter including (i) serving interrogatories and document demands on Defendant; (ii) conducting the Skype deposition of Defendant; (ii) traveling to Texas to take the deposition of non-party Frank Seviane.

13. Defendant participated in all of the above discovery endeavors.

14. Defendant's determination and strategy to conduct discovery in the manner he chose, does not warrant relieving Defendant of a Court Order because Defendant has now changed his mind.

15. It is respectfully submitted that if this Court were to grant the present applications, that such Order should contain a limitation that Defendant may not:

    a. Move to allow additional time to addend and/or modify the already filed Joint Pre Trial Memorandum (ECF Doc. 100), previously agreed to by Attorney Bagnell;

    b. Move to reopen discovery; or

    c. Move to adjourn the trial date.

16. If these limitations are not contained in the Court's Order, based on the clear wording of both motions that new counsel intends to move for extensions, it is respectfully submitted that it will undoubtedly and needlessly lead to issues requiring further Court intervention.

17. **Any delay is not warranted, as it will prejudice the Plaintiff who has diligently worked to prepare for trial, and should not have to bear the expense and the time a delay of trial and a new round of discovery would cause.**

WHEREFORE, Plaintiff requests that the Court deny the motions for (i) Admission Of Adam J. Simon, Pro Hac Vice and (ii) Admission Of Matthew E. Johnson, Pro Hac Vice.

          THE PLAINTIFF,
          GRADUATION SOLUTIONS LLC

          By:    /s/
                  Jonathan B. Nelson, Esq. [Ct30469]
                  Dorf & Nelson LLP
                  555 Theodore Fremd Avenue
                  Rye, NY 10580
                  Phone: (914) 381-7600
                  Fax: (914) 381-7608
                  jnelson@dorflaw.com

                  *Attorneys for Plaintiff Graduation Solutions LP d/b/a Graduation Source*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

      /s/ Jonathan B. Nelson