**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **GRADUATION SOLUTIONS LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-cv-1342 (VLB) |
| v. | ) |
| | ) |
| **ACADIMA, LLC and ALEXANDER LOUKAIDES,** | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT LOUKAIDES' REPLY BRIEF IN SUPPORT OF
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
OR ALTERNATIVELY FOR NEW TRIAL PURSUANT TO F.R.C.P. 50**

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................. 1

**ARGUMENT** ........................................................................................................ 2

**I.     THE MOTION IS PROCEDURALLY CORRECT.** ................................................ 2

**II.    THE COMPLAINT DID NOT SEEK ANY RELIEF FOR GRADSHOP.COM AND ANY CLAIM RELATED TO THAT WEBSITE SHOULD HAVE BEEN DISMISSED AT TRIAL.** ........................................................................................ 3

**III.   PLAINTIFF FAILED TO PRESENT EVIDENCE SUFFICIENT TO PIERCE THE CORPORATE VEIL.** ............................................................................................ 4

**IV.    PLAINTIFF FAILED TO PRESENT SUFFICIENT EVIDENCE ON ALL ELEMENTS OF ALL CAUSES OF ACTION.** ......................................................... 7

**CONCLUSION** .................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**Cases

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) .................................................................................................... 8, 9
*Gonzalez v. Waterbury Police Dep't*,
  199 F. Supp. 3d 616 (D. Conn. 2016) ..................................................................... 3, 5
*Leniart v. Ellison*,
  761 F. App'x 47 (2d Cir. 2019) ................................................................................ 3, 4

Rules

F.R.C.P. 50 ............................................................................................................. 1, 2, 3, 11
F.R.C.P. 50(b) ................................................................................................................ 2, 3
Fed. R. Civ. P. 15 ................................................................................................................ 4
Rule 50(a) ....................................................................................................................... 2, 3

Other Authorities

2012 or 2014 ........................................................................................................................ 8

**INTRODUCTION**

Defendant Alexander Loukaides is entitled to Judgment as a Matter of Law because Plaintiff did not sufficiently prove its case in a number of critical and fundamental ways. In Defendant's Renewed Motion for Judgment as a Matter of Law, or Alternatively for a New Trial Pursuant to F.R.C.P. 50 (ECF No. 147, the "Motion"), he set out numerous reasons why each count failed during the trial and why Plaintiff failed to prove its case, which should result in judgment as a matter of law in Mr. Loukaides' favor. The Court is now familiar with the Gradshop.com issue: no claims for relief in the operative Complaint ever mention that website, and Plaintiff never sought relief or damages for Gradshop.com in any complaint filed in this case, and even Plaintiff's CEO admitted Plaintiff was not seeking damages for Gradshop.com. Judgment as a matter of law is proper with respect to Gradshop.com, and therefore a new trial is necessary because the jury verdict form did not delineate between Gradshop.com and the other websites in the Complaint where Plaintiff actually sought relief. *See* Motion, ECF 147 at 3–9.

Further, as the Motion made clear, Plaintiff put forth absolutely no evidence that would permit the jury to pierce the corporate veil to hold Mr. Loukaides liable for the alleged wrongful conduct of Acadima, LLC—a company that Defendant never owned during the relevant time frame of the alleged copying. *Id.* at 9 – 15.

Finally, when the Court examines the evidence presented at trial and the elements of each claim asserted, it will be clear that Plaintiff failed to present a legally sufficient basis for the jury to find that Plaintiff met its burden on all elements of each of the claims in the lawsuit.

**Plaintiff filed a 43-page Memorandum of Law in Opposition to Defendant's Renewed Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. 50(b) (ECF No. 155) (the "Opposition") and yet, even with 43 pages (in the wrong font in contravention of the Court's directive),[1] Plaintiff fails to rebut the clear evidence and arguments that should result in judgment as a matter of law in favor of Mr. Loukaides.**

**Mr. Loukaides respectfully submits that, after the Court undertakes a careful analysis as it reviews the Motion and this Reply Brief, it will agree that Mr. Loukaides is entitled to judgment as a matter of law and the verdict should be overturned.**

## ARGUMENT

### I.   THE MOTION IS PROCEDURALLY CORRECT.

**The Opposition makes a half-hearted, legally unsupported argument that the Motion is "inappropriate, procedurally improper."  ECF No. 155 at 2.[2]  The Opposition then spends nearly three pages arguing, without a single case law citation, that a party cannot renew a motion for judgment as a matter of law under F.R.C.P. 50 after the jury returns a verdict.  *Id.* at 7–9.  This argument is misguided and undermined by Fed. R. Civ. P. 50 and applicable case law.  Under the plain text of Rule 50(b):**

> **If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is**

---

[1] *See* http://www.ctd.uscourts.gov/content/vanessa-l-bryant (last visited on Nov. 1, 2019)

[2] **Defendant is unclear why a motion for judgment as a matter of law is "inappropriate."  Therefore, Defendant will address the applicable question, which is whether the Motion is procedurally proper.**

**2**

>considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . **the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59**. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b) (emphasis added); *see also Leniart v. Ellison*, 761 F. App'x 47, 49 (2d Cir. 2019) ("A party may renew the [Rule 50] motion after an unfavorable verdict on the grounds specifically raised in the prior motion for judgment as a matter of law."); *Gonzalez v. Waterbury Police Dep't*, 199 F. Supp. 3d 616, 619 (D. Conn. 2016) ("If the court does not grant the motion made under Rule 50(a), "the movant may file a renewed motion for judgment as a matter of law" within 28 days from the entry of judgment . . . ." (quoting Fed. R. Civ. P. 50(b))). Thus, Defendant's Motion is procedurally correct, and the Court can ignore Plaintiff's incorrect argument to the contrary.

II. **THE COMPLAINT DID NOT SEEK ANY RELIEF FOR GRADSHOP.COM AND ANY CLAIM RELATED TO THAT WEBSITE SHOULD HAVE BEEN DISMISSED AT TRIAL.**

Mr. Loukaides' grave concern with the Court's decision to permit Plaintiff to amend its pleadings to add the website Gradshop.com to the operative complaint is that Defendant had no notice whatsoever that Plaintiff was seeking relief related to Gradshop.com, and the jury verdict form provides no way of knowing for which website(s) the jury awarded relief to Plaintiff. *See* Jury Verdict Form, ECF No. 124, at *passim*. The Opposition's primary argument is that "It simply cannot be plausibly alleged that the allegations in Plaintiff's Second Amended Complaint did

3

not give Defendant sufficient notice of Plaintiff's claims as to Gradshop.com." Opp'n at 16. Putting aside the hyperbolic nature of Plaintiff's argument, it makes no sense because if it were true, Plaintiff would not have needed to move the Court to amend the pleadings to include brand new, unasserted claims against Mr. Loukaides regarding Gradshop.com. Yet, that is exactly what Plaintiff did. *See* Trial Tr., June 25, 2019, ECF No. 141 at 82:21–23 (confirming that Plaintiff was going to amend to incorporate Gradshop.com); *id.* at 86:18–88:6, 90:12–17 (argument related to oral motion to amend under Fed. R. Civ. P. 15 and the Court granting Plaintiff's oral motion to amend the complaint). It is incongruous that the operative Complaint would have been *clear* to Defendant and the Court such that it included claims for relief and damages for Gradshop.com yet, the Plaintiff felt the need, after the close of the evidence, to move to amend its Complaint to <u>add</u> claims related to Gradshop.com, and the Court felt it necessary to grant the motion. The foregoing sequence of events shows that Plaintiff itself did not believe it properly pled the claims in this case to include Gradshop.com, and therefore a new trial should be Ordered by the Court because Defendant Loukaides had no notice that he was going to trial related to alleged wrongdoing and alleged damages regarding Gradshop.com.

### III. PLAINTIFF FAILED TO PRESENT EVIDENCE SUFFICIENT TO PIERCE THE CORPORATE VEIL.

The Opposition relies on three pieces of unreliable evidence to contend that it demonstrated that it could prove direct claims against Mr. Loukaides; none of the evidence is reliable and it is wholly contradicted by the majority of evidence in this case. *See* Opp. at 24–25.

**First,** the Opposition relies a document from Mr. Loukaides' divorce proceeding (Exhibit 115).  Such reliance is misplaced because the Opposition relies on a Post-Marital Agreement that was never implemented and was entered into between Mr. Loukaides and his now ex-wife.  *See* Opp. at 24 (citing to Exhibit 115).  Moreover, a plain reading of the document cited in the Opposition indicates that the intent of the paragraph is to state that Apparel Group International Co, Limited "shall be the holding company for all trademarks and domains...."  Exhibit 115 at 30 of 89, § 5.6.7.  Thereafter, there is a typo, but the clear intent of the Section is to state that Apparel Group International Co. Limited will own the trademarks and domains in Exhibit D, and that Mr. Loukaides and his wife would own Apparel Group.  *Id.*  Most importantly, Mr. Loukaides was continually cut off by Plaintiff's counsel and the Court and was never permitted to explain that he personally never had ownership of Gradshop.com.  *See* ECF No. 140, at 214:5 – 217:17.

**Second,** the Opposition relies on supposed "domain registrant information for Gradshop.com" that purports to show Mr. Loukaides as the "owner and registrant" of Gradshop.com.  Opp'n at 24 (citing Trial Ex. 16).  As stated many times, however, Gradshop.com should never have been the subject of relief in the trial.  Further, Exhibit 16 is unreliable and disproven because a plain reading of the document simply does not state that Mr. Loukaides was the "owner" of Gradshop.com.  The Opposition mistakenly states that Exhibit 16 shows Defendant as "owner and registrant," but the document states otherwise.  *See* Opp'n at 24 (referring to Trial Ex. 16).  Instead, Exhibit 16 (which should have been excluded as inadmissible hearsay) merely states that Mr. Loukaides is the "Registrant Contact,"

5

the "Administrative Contact," and the "Technical Contact."  *See* Ex. 16.  There was no evidence presented in the case that Mr. Loukaides completed this form, signed up Gradshop.com with GoDaddy.com, or had any role in providing his name to GoDaddy.com.

Third, Plaintiff's own technology-specific employee, Kristoff Albanese, testified that Acadima, LLC owned the website Gradshop.com.  *See* Trial Tr., June 20, 2019, ECF No. 113 at 98:1–20 (<u>Question</u>. "Okay.  According to this SSL certification, who is the owner of Gradshop.com?" <u>Mr. Albanese</u>: "Acadima, LLC.").  Further, Mr. Seviane, who for some inexplicable reason was not sued even though he owned and controlled the defaulting defendant, Acadima, LLC, during the relevant time frame, testified that Acadima, LLC "dealt with" Gradshop.com.  *See* Trial Tr., June 24, 2019, ECF No. 140 at 35:19–36:7.  Only later, when he was in Plaintiff's crosshairs for possible litigation, did Mr. Seviane claim that Mr. Loukaides owned the website, and his only basis was he had "seen a record of that through discovery with his ex-wife's – he and his ex-wife's divorce case." *Id.* at 40:16–21.  Not only is that testimony self-serving and unreliable, it is apparently based on an inaccurate interpretation of Exhibit 115 (as explained above), by a person with no knowledge of the document.

Thus, the evidence admitted at trial on which the Opposition relies to establish direct liability against Mr. Loukaides is insufficient, and therefore, to hold Defendant liable in his personal capacity, Plaintiff was required to pierce Acadima LLC's corporate veil.  The Opposition, however, does not address Mr. Loukaides' arguments in the Motion related to its failure to establish that Acadima was

6

**Defendant's alter ego. As Defendant argued with ample legal authority on pages 11–15 of the Motion, the corporate veil is pierced only under exceptional circumstances, the instrumentality and identity rules are used to determine whether it is proper to pierce the corporate veil, and there are multiple elements required to prove either of these rules, but Plaintiff completely failed to prove any of them. Thus, because Plaintiff failed to present any evidence whatsoever related to piercing the corporate veil as to Mr. Loukaides, the Court should grant the Motion as to Counts 2, 4, 5, and 6 of the Second Amended Complaint.**

**IV. PLAINTIFF FAILED TO PRESENT SUFFICIENT EVIDENCE ON ALL ELEMENTS OF ALL CAUSES OF ACTION.**

**The evidence presented by Plaintiff was insufficient as to at least one element in each of the five causes of action on which it prevailed at trial, and thus, the Court should grant judgment for Defendant or alternatively, order a new trial.**

**First, the evidence Plaintiff presented at trial does not support the jury's verdict finding him liable for copyright infringement. As explained in the Motion, the jury did not find Mr. Loukaides vicariously liable for copyright infringement; rather, it found that he copied elements of Plaintiff's website.** *Id.* **at 16. However, Plaintiff failed to present any, let alone sufficient, evidence such that a reasonable jury could find, by a preponderance of the evidence, that Defendant personally (or vicariously or contributorily, for that matter) infringed Plaintiff's copyrights with respect to Plaintiff's website. This is particularly true with respect to GradShop.com, as Plaintiff did not present any evidence of copying. Therefore, judgment of law should be entered in Mr. Loukaides' favor on Plaintiff's copyright infringement claim.** *See id.* **at 16–21.**

7

**Second, Plaintiff failed to present evidence of trade dress elements that were protected as trade dress as opposed to protected by copyright. At trial, Plaintiff offered testimony that its website, graduationsource.com, was granted copyright registration in 2012 or 2014. Thus, to the extent Plaintiff's claims were based on its registered copyrights, it cannot recover for alleged infringement of those elements under the Lanham Act.** *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, **539 U.S. 23, 34 (2003) ("Thus, in construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright.").** *See* **Mot. at 21–23. Further, because Plaintiff failed to present evidence specifically identifying any elements that it alleged were protectable as trade dress, as opposed to protected by copyright, its claims should not have been submitted to the jury, and the jury's verdict for Lanham Act violations should be overturned as duplicative of the Plaintiff's copyright claims.** *Id*. **at 23.**

**Third, Plaintiff failed to meet its burden to establish its trade dress infringement claim. As Defendant argued in the Motion, Plaintiff failed to present evidence as to the first element of a "look and feel" trade dress infringement claim—that is, that its trade dress is inherently distinctive or has acquired secondary meaning.** *Id*. **at 25–29. Plaintiff also offered evidence specifically claiming its trade dress is functional, which completely negates the second element of such a claim, and Plaintiff's limited evidence on the third element was insufficient for a reasonable jury to conclude that Plaintiff proved a likelihood of**

8

confusion.  *Id*. at 29–31.  Accordingly, judgment should be entered for Defendant on Plaintiff's trade dress infringement claim.

Fourth, Plaintiff's Connecticut Unfair Trade Practices Act and common law unfair competition claims are premised on Defendant's alleged violations of Plaintiff's rights under the Lanham Act.  Thus, for the same reasons Plaintiff failed to adduce sufficient evidence regarding its Lanham Act claims, it also did not satisfy its burden to prove all the elements of its claim for violation of the Connecticut Unfair Trade Practices Act Claim or it common law unfair competition claim.  *See* Mot. at 31–32.  Judgment as a matter of law should enter in Mr. Loukaides' favor on Plaintiff's statutory and common law unfair competition claims as well.

Finally, Plaintiff's unjust enrichment count requires it to have given or provided something of value to Defendant that requires compensation in return, but Plaintiff did not offer any evidence that it provided any property or services to Mr. Loukaides for which it has not been fairly compensated.  Tellingly, Plaintiff also did not establish a fair and reasonable value of its allegedly infringed property.  Accordingly, there was insufficient evidence introduced at trial to hold Defendant liable for unjust enrichment and therefore, he is entitled to judgment as a matter of law on Plaintiff's unjust enrichment claim.  *Id*. at 32–34.

## CONCLUSION

For all these reasons, and those stated in the Motion, Defendant respectfully requests that the Court grant this Motion and enter Judgment as a Matter of Law in his favor on all counts.  In the alternative, Defendant respectfully requests that the Court Order a new trial on all counts on which Plaintiff prevailed.

Dated: November 1, 2019

Respectfully submitted,

**DOWD BENNETT LLP**

By: */s/ Matthew E. Johnson*
Matthew E. Johnson, (phv10179)
Adam J. Simon, (phv10180)
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
mjohnson@dowdbennett.com
asimon@dowdbennett.com

Jonathan M. Shapiro (ct24075)
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
Telephone: (860) 347-3325
Facsimile: (860) 347-3974
jshapiro@shapirolawofficesct.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, a copy of the foregoing Reply Brief in Support of Renewed Motion for Judgment as a Matter of Law or Alternatively for New Trial Pursuant to F.R.C.P. 50 was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Matthew E. Johnson*
Matthew E. Johnson, (phv10179)