# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRADUATION SOLUTIONS, LLC | : | |
| *Plaintiff,* | : | No. 3:17-CV-1342 (VLB) |
| v. | : | March 30, 2020 |
| ACADIMA, LLC and ALEXANDER LOUKAIDES, | : | |
| *Defendants.* | : | |

## RULING ON MOTION FOR ATTORNEY'S FEES AND INJUNCTIVE RELIEF

### [Dkt. 136]

Plaintiff Graduation Solutions, LLC ("Plaintiff" or "Graduation Solutions") moves for an award of attorney's fees and costs, as well as for injunctive relief enjoining Defendant Alexander Loukaides ("Defendant" or "Loukaides") from dissipating assets. [Dkts. 136 (Mot.), 136-1 (Attorney Affidavit), 136-2 (Jury Verdict), 136-3 (Mem. Supp. Motion)]. Loukaides responds. [Dkts. 144 (Mot.), 144-1 (House Listing Documents)]. Plaintiff replies. [Dkt. 154]. After considering the briefing, the Court grants in part and denies in part Plaintiff's motion for attorney's fees and costs and for injunctive relief. Plaintiff's motion for costs is granted in the amount of $400.00. Plaintiff's motion is otherwise denied.

I. **Background**

While this case has involved several discovery and other procedural disputes, the Court will focus on the facts cited by the parties in their motions.

After a four day trial, a jury found Loukaides liable for copyright infringement, trade dress infringement under the Lanham Act, violation of the Connecticut Unfair Trade Practices Act, violation of Connecticut common law against unfair competition, and unjust enrichment, but that he was not liable for false advertising under the Lanham Act. [Dkt. 124 (Jury Verdict) at 3-4]. The jury found that Loukaides "acted with reckless indifference to Plaintiff's rights or intentionally or wantonly violated Plaintiff's rights." [Dkt. 124 at 9]. Based on these liability findings, the jury awarded Plaintiff actual damages of $1,615,00.00 and punitive damages of $1,615,000.00 against Loukaides. *Id.* at 9-10.

Plaintiff seeks $233,035.11 in attorney's fees and costs: $222,973.50 in fees and $10,061.61 in costs. [Dkt. 136-1 (Nelson 7/15/2019 Aff.) at ¶4].

Loukaides is a British national residing in China. [Dkt. 136-1 (Nelson 7/15/2019 Aff.) at ¶4]. In 2012, Loukaides acquired real property in Texas, known as 3207 Cole Avenue, Dallas, Texas 75204 ("Dallas Property"). *Id.* at ¶14. On April 4, 2016, Loukaides entered into a Residential Listing Agreement with Dave Perry-Miller and Associates to sell his Dallas Property. [Dkt. 144-1 (Listing Agreement)]. During the pendency of this action, the Dallas Property was sold. [Dkt. 136-1 at ¶ 15].

II. **Attorney's Fees**

Plaintiff moves for an award of attorney's fees and costs for all their claims: (i) 15 U.S.C. § 1117(A) for trade dress infringement, (ii) 17 U.S.C. § 505 for copyright infringement, (iii) the Connecticut Unfair Trade Practices Act, and (iv) Connecticut

common law. Plaintiff seeks approximately $233,035.11: $222,973.50 in fees and $10,061.61 in costs. Loukaides argues that the fees are not justified. After considering the arguments, the Court declines to award attorney's fees. The Court awards $400 in costs under the Lanham Act.

   A. <u>Lanham Act</u>

15 U.S.C. §1117(a) states that a court "may award reasonable attorney fees to the prevailing party" for claims brought under the Lanham Act in "exceptional cases." A prevailing party is entitled to "costs." *Id.* In the Second Circuit, an "exceptional case" under the Lanham Act attorney's fees provision is one that meets the Supreme Court's criteria for an "exceptional case" under the Patent Act attorney's fees provision in *Octane Fitness, LLc v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014). *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir. 2018) (remanding for the district court to apply the *Octane* test). In *Octane Fitness*, the Supreme Court held that an "exceptional" case "is simply one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. at 553-54. Relevant factors to this determination include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

In light of the Second Circuit's application of *Octane Fitness* to the Lanham Act, willful infringement alone does entitle a plaintiff to attorney's fees under the Lanham Act. *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (remanding attorneys' fees question to district court where district court based decision on willfulness "[b]ecause *Octane Fitness* establishes no presumption… that cases involving willful infringement are necessarily "exceptional"); *see BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 408 F. Supp. 3d 508, 522 (S.D.N.Y. 2019).

Here, Plaintiff argues that it is entitled to fees under the Lanham Act because the jury found that Loukaides "acted with reckless indifference to Plaintiff's rights or intentionally or wantonly violated Plaintiff's rights." [Dkt. 124 at 9], *cited by* Dkt. 136-3 at 7]. But, the question of whether the jury found Defendant's infringement willful is distinct from the question of whether Defendant's litigation position was unreasonable, frivolous, or in bad faith, and does not by itself demonstrate an exceptional need for compensation and deterrence, especially where, as here, the jury awarded Plaintiff over a million dollars in compensatory damages and over a million dollars in punitive damages. Without any additional analysis by Plaintiff, the Court cannot find that Loukaides's reckless or wanton violation of Plaintiff's right alone establishes Plaintiff's entitlement to attorneys' fees under the Lanham Act.

Plaintiff cites *Lavatec Laundry Tech, GmbH v. Voss Laundry Solutions*, 2018 WL 2426655 (D. Conn. 2018) for the proposition that "willful" or "bad faith" infringement merits fees under the Lanham Act. But the *Lavatec* court awarded

attorneys' fees on the basis that it had sanctioned the defendant for contempt, *id.* at *14, and Plaintiff does not point to any similar litigation misconduct in this case.

The Court declines to award attorneys' fees under the Lanham Act. However, because Plaintiff prevailed on one of its Lanham Act claims, the Court will award costs under the Lanham Act, as discussed below.

B.  <u>Copyright Act</u>

17 U.S.C. § 505 gives the Court discretion to award attorneys' fees to a prevailing plaintiff in a Copyright Act action:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

In *Kirstaeng v. John Wiley & Songs, Inc.,* --- U.S. ----, 136 S. Ct. 1979, 1983 (2016), the Supreme Court stressed that a district court must give "substantial weight to the objective reasonableness of the losing party's position," but that a court must also give due consideration to all other factors relevant to granting fees, and it "retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." Other factors include "frivolousness, motivation, … and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1985 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

"The objective-reasonableness approach… both encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Id.* at 1986. "In any given case a court may award

fees even though the losing party offered reasonable arguments…. For example, a court may order fee-shifting because of a party's litigation misconduct…. Or a court may do so to deter repeated instances of copyright infringements." *Id.* at 1988-89. When awarding fees, the Court keeps in mind the Supreme Court's rejection of the proposition that, under Section 505, prevailing parties "should be awarded attorneys' fees as a matter of course, absent exceptional circumstances." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994) (rejecting matter-of-course fee-shifting as "a bold departure from traditional practice" of the American rule).

Here, again, Plaintiff argues that it is entitled to fees because the jury found that Loukaides "acted with reckless indifference to Plaintiff's rights or intentionally or wantonly violated Plaintiff's rights." [Dkt. 136-3 at 5] (citing [Dkt. 124 at 9]). But, again, the point that the jury found Loukaides's infringement willful is distinct from the question of whether Loukaides's litigation position was unreasonable, frivolous, or in bad faith, and does not by itself demonstrate a need for compensation and deterrence, especially where, as here, the jury awarded Plaintiff over a million dollars in compensatory damages and over a million dollars in punitive damages. Without any additional analysis by Plaintiff, the Court cannot find that Loukaides's reckless or wanton violation of Plaintiff's copyrights alone establishes Plaintiff's entitlement to attorneys' fees.

Plaintiff cites several cases to argue that willful infringement alone supports attorneys' fees under the Copyright Act. [Dkt. 136 at 4-5]. But all of them pre-date *Kirstaeng*, and almost all of them concerned fee awards in the context of summary judgment or default judgment, in which no material facts were reasonably disputed,

so the losing party's litigation position was less justified. *See Adobe Systems In. v. Feather*, 895 F. Supp. 2d 297 (D. Conn. 2012) (default judgment); *Broad. Music, Inc. v. Hub at Cobb's Mill, LLC*, No. 3:13-CV-01237 VLB, 2015 WL 1525936, at *3 (D. Conn. Apr. 2, 2015) (summary judgment); *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F. Supp. 2d 118, 120 (W.D.N.Y. 2002) (summary judgment); *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 359 (S.D.N.Y. 2003) (summary judgment); *Impulsive Music, Inc. v. Bryclear Enterprises, LLC*, 483 F. Supp. 2d 188, 191 (D. Conn. 2007) (default judgment); *N.A.S. Imp., Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 254 (2d Cir. 1992) (bench trial). The Court does not find them persuasive.

The Court therefore declines to award attorneys' fees under the Copyright Act.

### C. <u>Connecticut Unfair Trade Practices ("CUTPA")</u>

CUTPA provides that, "[T]he court may award, to the plaintiff ... costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery." Conn. Gen. Stat. § 42-110g(d). An award of attorneys' fees is "in addition" to the relief [otherwise] provided" for in the section, which includes actual and punitive damages. Conn. Gen. Stat. § 42-110g(a), (d). "[T]he court can award attorneys' fees under CUTPA only for those expenses that were related to the prosecution of a CUTPA claim. *Jacques All Trades Corp. v. Brown*, 752 A.2d 1098, 1105 (Conn. App. 2000) ("*Jaques* II").

The provision is in place "to encourage attorneys to accept and litigate CUTPA cases," thereby promoting the underlying "public policy…to encourage litigants to act as private attorneys general." *Thames River Recycling, Inc. v. Gallo*,

720 A.2d 242, 259 (Conn. App. 1998) (quoting *Gebbie v. Cadle Co.*, 714 A.2d 678 (Conn. App. 1998) (quoting *Jacques All Trades Corp. v. Brown*, 679 A.2d 27, 31 (Conn. App. 1996), *aff'd,* 240 Conn. 654, 692 A.2d 809 (1997)) ("*Jaques* I")). "CUTPA cases… may entail long hours with little likelihood of an award that will cover reasonable expenses. For this reason, General Statutes § 42–110g(d) offers an attorney who accepts a CUTPA case the prospect of recovering reasonable fees and costs." *Gill v. Petrazzuoli Bros.*, 521 A.2d 212, 217-18 (Conn. App. 1987), *cited by Jaques* I, 679 A.2d at 31. "Awarding attorney's fees under CUTPA is discretionary." *Thames River,* 720 A.2d at 261. (citations omitted). Where an attorney's fee award is not "necessary" to encourage the bringing of a CUTPA claim and a party is "adequately compensated for his attorney's fees," a prevailing party is not entitled to attorney's fees under CUTPA. *Monahan v. Godfrend*, No. CV 93 0131548, 1995 WL 500667, at *5 (Conn. Super. Ct. Aug. 17, 1995) (denying attorney's fees where CUTPA claim was asserted as a defensive counterclaim and party was compensated).

Here, Plaintiff brought its CUTPA claim based on Loukaides's violations of federal statutes and has not provided the Court with any breakdown of which hours were attributable to those claims related to its CUTPA claims, so the Court is not persuaded that an attorney's fee award is necessary. Further, Plaintiff sought and was awarded over $1.5 million in compensatory damages and $1.5 million in punitive damages from Loukaides alone, so the awarded punitive damages are more than enough to compensate Plaintiff for its attorney's fees.

Plaintiff states that it did consider the potential recovery of attorney's fees as a factor when bringing its CUTPA claims, and that prevailing plaintiff are generally entitled to attorney fees under CUTPA. [Dkt. 154 at 8] (citing *Carrillo v. Goldberg*, 61 A.3d 1164, 1175-76 (Conn. App. 2013)). But Plaintiff does not show that the availability of attorneys fees under CUTPA was necessary for it to bring this action, and *Carillo* proves less than Plaintiff claims: in *Carillo,* the actual damages were far less than the attorney's fees and no other claims were brought – exactly the kind of case envisioned by *Gil*, 521 A.2d at 217-18, and in those features distinct from the instant case. Therefore, the Court does not award attorney's fees under CUTPA.

### D. Connecticut Common Law Claims

In Connecticut, common law punitive damages "are *limited* to the plaintiff's attorney's fees and nontaxable costs." *Bodner v. United Servs. Auto. Ass'n*, 222 Conn. 480, 492, 610 A.2d 1212, 1219 (1992) (emphasis added).

Here, the jury awarded Plaintiff punitive damages of $1,615,00.00 and did not differentiate between punitive damages attributable to each claim. [Dkt. 124 at 9-10]. Since these damages far exceed Plaintiff's requested attorney's fees—especially, the portion of the requested attorney's fees attributable to work on common law claims—the Court finds that any additional award of attorney's fees would be inappropriate.

### E. Costs

Plaintiff seeks $10,061.61 in costs for this action, supporting its motion with an attorney affidavit. "Costs relating to filing fees, process servers, postage and photocopying are ordinarily recoverable" if they are supported by documentation. *Teamsters Local 814 Welfare Fund v. Dahill Moving 7 Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (citations omitted).

The Court takes judicial notice of this district's filing fee amount of $400, and awards that amount to Plaintiff. *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761, 2013 U.S. Dist. LEXIS 76926, at *42 (E.D.N.Y. May 29, 2013) (collecting cases taking judicial notice of district filing fees). However, the Court finds that Plaintiff has otherwise failed to submit adequate documentary evidence in support of its request for the remainder of the costs, and therefore denies Plaintiff's request for reimbursement of such costs. *Id.*

### III. Asset Freeze Injunction

Plaintiff seeks for the Court to issue an order "enjoining Defendant Loukaides from dissipating, conveying, transferring, disposing, alienating, or otherwise encumbering any asset until the judgment entered in this matter is satisfied." [Dkt. 136-3 at 13].

While "district courts have no authority to issue a prejudgment asset freeze pursuant to Rule 65 where such relief was not traditionally accorded by courts of equity[,] ... they maintain the equitable power to do so where such relief *was* traditionally available: where the plaintiff is pursuing a claim for final equitable relief, and the preliminary injunction is ancillary to the final relief." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 125 (2d Cir. 2014) (citing *Grupo Mexicano de*

*Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 333 (1999)). An accounting of profits, or actual damages, is an equitable action. *Id.* at 131, 133. Rule 65 also provides authority for a court to freeze assets post-judgment. *Tiffany (NJ) LLC v. Forbse*, No. 11 CIV. 4976 NRB, 2015 WL 5638060, at *4 (S.D.N.Y. Sept. 22, 2015).

A plaintiff seeking an injunction restraining assets must show (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) "the plaintiff is likely to suffer irreparable injury in the absence of an injunction"; (3) "the balance of hardships between the plaintiff and defendant ... tips in plaintiff's favor"; and (4) "the public interest would not be disserved by the issuance of an… injunction." *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (standard for preliminary injunction), *quoted in Black v. Owen*, No. 3:14-CV-23 (RNC), 2018 WL 8065111 (D. Conn. February 9, 2018) (granting TRO restraining assets). "Though "irreparable harm" typically means an "injury for which a monetary award cannot be adequate compensation," "an injunction may issue to stop a defendant from dissipating assets in an effort to frustrate a judgment.'" *Black*, 2018 WL 8065111 at *2 (quoting *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995), *Chemical Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994)).

Here, unlike in *Black*, the Court finds that Plaintiff has not made the required showing. Plaintiff's only evidence that Loukaides intends to frustrate the judgment is that Loukaides sold a house during the litigation, but he had entered into a

contract to sell the house before the lawsuit was filed. [Dkt. 144-1]. Therefore, the Court finds that Plaintiff has not shown a likelihood of irreparable harm, as Plaintiff has not shown evidence of Loukaides's intent or effort to frustrate the judgment. *Chem. Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994) (upholding district court's order denying preliminary injunction where district court found that defendant's asset sale was legitimate and not an attempt to frustrate judgment); *cf. Black*, 2018 WL 8065111 (finding intent to frustrate judgment was demonstrated where judgment debtor had paid nothing on judgment for over seven years).

Plaintiff's motion for injunction relief is denied.

IV. **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's motion for attorney's fees and costs and for injunctive relief. Plaintiff's motion for costs is granted in the amount of $400.00. Plaintiff's motion is otherwise denied.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 30, 2020.